CITY .OF GRAND HAVEN *v.* GROCER'S COOPERATIVE
DAIRY COMPANY.

.1. MUNICIPAL CORPORATIONS—HOME-RULE CITIES—CHARTERS—ORDI-
NANCES—STATUTES.
.Home-rule city charter provisions or ordinances must not contra-
vene a statutory enactment (Const 1908, art 8, § 21; CL 1948,
§ 117.36).

2. SAME—CONFLICT BETWEEN STATUTE AND ORDINANCE.
The provisions of a municipal ordinance which contravene a
State law are void in the absence of specific statutory or char-
ter power in the municipality.

3. SAME—REGULATION—PROHIBITION.
What the legislature permits, a city cannot suppress without ex-
press authority therefor.

4. SAME—STATUTES—ORDINANCES—PASTEURIZATION OF MILK—TIME
—DISTANCE.
Precautionary requirement of legislature against deterioration and
bacterial contamination contained in a statute by requiring
delivery of milk within 60 hours after day of pasteurization
sufficiently protected public against delivery of impure and con-
taminated milk; hence provision of home-rule city's ordinance
imposing requirement that milk delivered within its limits be
pasteurized in approved milk plants within 5 miles of the city
limits conflicted with the State statute and was void (CL 1948,
§ 288.5; Grand Haven Milk Ordinance, § 7[b]).

5. FOOD—PASTEURIZATION OF DAIRY PRODUCTS—STATUTES—MUNICI-
PAL CORPORATIONS.
The legislature has taken over plenary control of pasteurization
of dairy products and it has not given cities the power to impose
additional restrictions or requirements (CL 1948, § 288.1 *et
seq.*; §§ 288.131, 288.135, 288.137).

6. COURTS—ORDINANCES—STATUTES—DECISIONS IN OTHER JURISDIC-
TIONS.
The Supreme Court will not follow decisions of foreign jurisdic-

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 37 Am Jur, Municipal Corporations, §§ 105, 106; 22 Am Jur,
Food, § 15.
[4, 5] 22 Am Jur, Food, § 68.
[4, 5] Constitutionality of regulations as to milk. 18 ALR 235; 42
ALR 556; 58 ALR 672; 80 ALR 1225; 101 ALR 64; 110 ALR 644;
119 ALR 243; 155 ALR 1383.

tions upholding ordinances similar to one under consideration, where such ordinance is in conflict with State statute.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW.

Constitutionality of ordinance, found to be invalid because in conflict with State statute, is not otherwise determined, where such matter was not passed upon by the trial judge.

Appeal from Ottawa; Smith (Raymond L.), J. Submitted April 11, 1951. (Docket No. 23, Calendar No. 45,052.) Decided June 14, 1951.

Bill by City of Grand Haven against Grocer's Cooperative Dairy Company, a Michigan corporation, for declaratory decree determining that section of ordinance is constitutional. Decree holding section to be illegal and void. Plaintiff appeals. Affirmed.

*L. H. Grettenberger* and *Charles E. Misner,* for plaintiff.

*Warner, Norcross & Judd* (*Harold S. Sawyer,* of counsel), for defendant.

NORTH, J. Plaintiff, a home-rule city, brought this suit in equity for the purpose of obtaining a declaratory decree and injunctive relief. After a full hearing a decree was entered adjudging the ordinance provision here involved "illegal and void," and plaintiff has appealed. The controlling issue involved is the validity of section 7(b) of the so-called Grand Haven milk ordinance.

This litigation arises from the following facts and circumstances. Defendant, Grocer's Cooperative Dairy Company, hereinafter referred to as the dairy company, is a Michigan cooperative corporation composed of approximately 75 independent grocers located in Grand Rapids and some other western Michigan communities. The corporation owns and

operates a pasteurizing and bottling plant in Grand Rapids, Kent county, Michigan. It obtains the raw milk supply used in its business from approximately 75 farms, some of which are located in Kent county, and others in counties in that part of the State. Its pasteurizing plant is licensed and regularly inspected by the State of Michigan and the city of Grand Rapids; and all the farms from which it draws its raw milk supply are likewise regularly inspected by the State and by the city of Grand Rapids. In its operations in pasteurizing milk and delivering its product to the consuming public, the dairy company, so far as disclosed. by the record, complies in all respects with the milk marketing act * and other regulatory and sanitary conditions required by State legislation and ordinance provisions of both the city of Grand Rapids and the city of Grand Haven, except section 7(b) of the milk ordinance of the city of Grand Haven. This section reads:

"(b) PASTEURIZATION WITHIN CERTAIN LIMITS. No pasteurized milk or milk products shall be sold within the city of Grand Haven which shall not have been pasteurized in approved milk plants within 5 miles of the city limits of said city."

The home-rule statute in part is as follows: "Each city charter shall provide: * * * (j) For the public peace and health and for the safety of persons and property." CL 1948, § 117.3 (Stat Ann 1949 Rev § 5.2073). But, municipal charter provisions or ordinances must not contravene a statutory enactment. See .CL 1948, § 117.36 (Stat Ann 1949 Rev § 5.2116).

"Under such general laws, the electors of each city and village shall have power and authority * * *

---

* PA 1929, No 169, as amended (CL 1948, §§ 288.1–288.15 [Stat Ann 1951 Rev §§ 12.601–12.616]), and PA 1947, No 291 (CL 1948, §§ 288.131–288.137 [Stat Ann 1951 Rev §§ 12.693(11)–12.693(17)]).

to pass all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State." Const 1908, art 8, § 21.

The Grand Haven charter vests the city with power to "make and enforce local police, sanitary and other regulations," and "to prevent injury or annoyance from anything dangerous, offensive or unhealthy; to prohibit and remove anything tending to cause or promote disease."

The Grand Haven ordinance requires a city license to enable one to engage in the delivery of milk and milk products within the city. The defendant dairy company's application for such a license was denied by the city on the ground of noncompliance with section 7(b). Nonetheless the dairy company delivered its milk and milk products within the city; and this resulted in the instant suit in which an injunction was sought to prevent the dairy company from so doing, and also a declaratory decree passing upon the constitutionality of section 7(b) of the ordinance.

Invalidity of section 7(b) of the ordinance is asserted by the dairy company on the ground that the State has enacted statutory provisions (CL 1948, § 288.1 *et seq.;* and § 288.131 *et seq.* [Stat Ann 1951 Rev § 12.601 *et seq.,* and § 12.693 (11) *et seq.*]) which completely cover the field of pasteurization of milk and milk products, the transportation, delivery and sale thereof; and that the city ordinance by section 7(b) imposes upon the defendant dairy company a limitation or prohibition not embodied in the pertinent statutory act. This issue arises solely from the fact that instead of pasteurizing its milk in a plant "within 5 miles of the city limits of said city," defendant's pasteurizing is done in its plant located in Grand Rapids, a distance of approximately 34 miles from Grand Haven. Thus the contro-

versy is presented as to whether section 7(b) of the ordinance merely imposes an additional regulatory provision touching the defendant's sale of its dairy products in Grand Haven, or whether section 7(b) is a requirement as a condition of defendant's obtaining a license from the city of Grand Haven which is inconsistent with the pertinent statutory provisions.

In cases which we deem controlling of the instant case we have reached the following conclusions:

"It is the rule that, in the absence of specific statutory or charter power in the municipality, the provisions of an ordinance which contravene a State law are void. *People* v. *McGraw,* 184 Mich 233; 43 CJ, p 215. What the legislature permits, the city cannot suppress, without express authority therefor." *National Amusement Co.* v. *Johnson,* 270 Mich 613, 616.

"In the absence of specific statutory or charter power in the municipality, the provisions of an ordinance which contravene a State law are void.

"What the legislature permits, a city cannot suppress without express authority therefor." *Noey* v. *City of Saginaw* (syllabi), 271 Mich 595.

"If a municipal ordinance attempts to prohibit that which a State statute permits, both cannot stand, and the ordinance must be held to be void." *Builders Ass'n* v. *City of Detroit* (syllabus), 295 Mich 272.

In another case in which by city ordinance an attempt was made to limit the time during which space in a parking lot might be continuously occupied to a period of not more than 3 months in any 1 year, the ordinance was held invalid since the subject matter was controlled by State statute in which there was no provision limiting the period of occupancy. We there said:

"In the case at bar, the State by the enactment of appropriate legislation permits unlimited parking of trailers. The ordinance, however, fixes a time limit for the parking of trailers. In that respect it conflicts with State regulations and is therefore void." *Richards* v. *City of Pontiac,* 305 Mich 666, 673.

In another of our decisions holding an ordinance invalid on like ground, we said: "However  *  *  * the city of Howell may not prohibit that which is permitted by the State." *People* v. *McDaniel,* 303 Mich 90, 93.

The background of plaintiff's contention that the 5-mile limitation provided in the city's ordinance is an essential in safeguarding the requisite purity of milk delivered within the city for human consumption is, in substance, disclosed by the following, quoted from its brief:

"Proper pasteurization is the most important factor of milk inspection in safeguarding of milk for human consumption.  *  *  *  Experience has shown that having pasteurization plants near or within the city where milk is consumed makes for more adequate and efficient inspection and control over them.  *  *  *  Milk may become contaminated after pasteurization and while being transported. The more milk is handled and transported after pasteurization the more possible it is for the milk to be contaminated. It is the experience of Michigan's most experienced milk inspectors  *  *  * that a restriction on the location of the pasteurization plants to within a few miles of the city where the milk is consumed is necessary for assurance of safe milk.  *  *  * However, it can be stated that there is no place in the milk laws of Michigan which expressly or impliedly legislates on the question of location of pasturization plants nor that expressly restricts a municipality from legislating thereon."

But the question at once presents itself as to whether or not, by other means than location, the statute does not aim at this same requisite for regulation of purity in dairy products. Aside from bearing upon the sanitary conditions under which a pasteurizing process of dairy products is accomplished, the geographical location of a pasteurizing plant is inconsequential, with the possible exception that too distant a location may render it impractical or perhaps impossible to deliver the product to consumers with adequate promptness to avoid deterioration or possible bacterial contamination. We think this requisite of adequate regulation is covered in the State law by limiting the *time* rather than the distance which intervenes between pasteurization and delivery to the ultimate consumers. The State statute provides that:

"No person, firm, association or corporation shall sell to the retail trade, expose for sale, deliver or have in his or its possession with intent to sell, for direct consumption * * * any: * * *

"(1) Raw milk that has been produced more than 36 hours or pasteurized milk that is not distributed within 60 hours after the day of pasteurization." CL 1948, § 288.5 (Stat Ann 1951 Rev § 12.605).

It is quite obvious that defendant can (and so far as disclosed by the record does) comply with the statutory requisite as to delivery within the time limitation, and insofar as disclosed by the record it has complied with the statutory precaution against deterioration, bacterial contamination, et cetera, after pasteurization. The precautionary requirement against deterioration and bacterial contamination adopted by the legislature was that of time, rather than distance or location of the pasteurizing plant relative to the place of delivery. The latter requirement, provided by the ordinance, conflicts

with the former embodied in the statute; and in that respect the ordinance provision is invalid.

We are of the opinion that by the enactment of the statutory regulations the legislature deemed it had taken all precautions reasonably necessary against delivery of impure or contaminated dairy products within plaintiff city, and further that the city itself by examination of dairy products when delivered within the city could determine whether there had been intervening contamination subsequent to pasteurization; and that such responsibility of the city would not be impracticable nor unduly burdensome since the dairy products themselves, as well as the source of milk supply and the pasteurization plant and process, are at all times subject to the limitations and requirements of the pertinent statutory provisions, including detailed tests and inspection.

That by enactment of the pertinent statutory provisions, the legislature intended to and did take over plenary control of pasteurization of dairy products is quite conclusively indicated by the following quoted sections of the statute:

"Sec. 1. The purpose of this act is to secure the wholesomeness and safety of milk, cream, skimmed milk and other milk products by requiring pasteurization as herein set forth. * * *

"Sec. 5. It shall be the duty of the department of agriculture to enforce the provisions of this act." CL 1948, §§ 288.131, 288.135 (Stat Ann 1951 Rev §§ 12.693 [11], 12.693 [15].

And further, by section 7 of the act provision is made that any city, village or township by vote of the qualified and registered electors thereof may determine that the statute shall not apply to the municipality so voting. This section, as well as the constitutional provision about to be noted, renders

unpersuasive appellant's contention that since Grand Haven is a home-rule city it is vested with the power to impose requisites for delivery and sale of dairy products within the city in addition to those embodied in the statute. The constitutional limitation on the power of cities to pass laws and ordinances relating to its municipal concerns is that such power is subject to the Constitution and general laws of the State. Const 1908, art 8, §§ 20, 21. The State has enacted a comprehensive law wherein plenary regulations pertaining to the processing (including pasteurization) and marketing of dairy products are set forth. There is no provision in the State law granting to cities the power to impose additional restrictions or requirements. It follows that section 7(b) of the city ordinance, which seeks to impose an important limitation and requirement in addition to those provided in the State statute is invalid.

Appellant in its brief has cited numerous decisions from other jurisdictions holding valid ordinance provisions asserted to be of types similar to that involved in the instant case. We have considered the cited cases, and without detailed review of each herein, we think it may be said that each is distinguishable from the instant case for 1 or more of the following reasons:

(1) Either by constitutional provision or by legislative enactments the municipality was expressly empowered to enact the challenged regulation, which has not been done in this State; (2) It was not made to appear, as in the instant case, that the State legislature had pre-empted the pertinent field of law; (3) That there was no conflict between the State regulation and the municipal ordinance, as in the case at bar. And, if it should be thought that certain of the decisions cited by appellant cannot be distinguished on any ground just above noted,

nonetheless for reasons hereinbefore set forth we would decline to follow a conflicting decision from a foreign jurisdiction.

Notwithstanding appellant's rather urgent request that we pass upon the constitutionality of section 7(b), which the circuit judge did not do, since the foregoing fully decides the question of the challenged validity and the enforceability of section 7(b), we deem it not necessary to pass upon the matter of constitutionality, except in the particular hereinbefore noted.

For reasons hereinbefore given the decree in the circuit court whereby it was adjudged "that section 7(b) of the milk ordinance of the city of Grand Haven, enacted by the city council of said city on September 20, 1948, be and the same hereby is declared to be illegal and void," is affirmed. Defendant may have costs of this Court.

REID, C. J., and DETHMERS, BUTZEL, CARR, BUSH-NELL, and SHARPE, JJ., concurred. BOYLES, J., did not sit.