WINTER BUILDING CORP v CITY OF NOVI

Docket No. 57817. Submitted April 19, 1982, at Detroit.—Decided
June 30, 1982.

The city council of the City of Novi adopted an ordinance which
regulated exterior concrete flatwork within the city. Winter
Building Corp. and others filed a complaint in Oakland Circuit
Court seeking a declaratory judgment and injunctive relief
against the City of Novi and Robert Shaw, the director of
public services of the City of Novi. Plaintiffs asked that the
court declare the ordinance invalid and enjoin defendants from
enforcing the provisions of the ordinance. Winter Building
Corp. filed a motion for summary judgment claiming that the
State Construction Code Act pre-empted the city from legislat-
ing in the field of exterior concrete faltwork. Novi responded by
filing a motion for summary judgment claiming that Winter
had failed to exhaust its administrative remedies prior to
bringing action in the circuit court. The court, James S. Thor-
burn, J., granted Winter's motion for summary judgment and
denied Novi's motion. Novi appeals. *Held:*

1. Plaintiffs were not required to seek review of their claim
by the State Construction Commission.

2. The state statutory scheme entirely occupies the field
which the municipality seeks to enter.

Affirmed.

1. MUNICIPAL CORPORATIONS — BUILDING CODES — CONSTRUCTION
CODE.

The statutory provision which provides for performance evalua-
tion by the State Construction Code Commission applies only to
evaluation of an agency's performance in enforcing building
codes, not to review of a city's substantive enactments (MCL
125.1509a; MSA 5.2949[9a]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Buildings § 2.
[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 374 *et seq.,* 398, 433.

2. MUNICIPAL CORPORATIONS — ORDINANCES — PRE-EMPTION.

A determination that the state has pre-empted a field of regula-
tion which a city seeks to enter with an ordinance is made
according to certain guidelines: (1) where state law expressly
provides that the state's authority to regulate is to be exclusive,
there is pre-emption; (2) pre-emption may be implied upon an
examination of legislative history; (3) pervasiveness of the state
regulatory scheme is a factor which should be considered as
evidence of pre-emption; (4) the nature of the regulated subject
matter may demand exclusive state regulation to achieve the
uniformity necessary to serve the state's purpose or interest.

*Ginn, Kramer & Jacobson, P.C.* (by *James M.
Ginn* and *Ellen J. Alter)*, for plaintiffs.

*Lampert, Fried & Levitt, P.C.* (by *David M. Fried*
and *Louis D. Bugbee)*, for defendants.

Before: BRONSON, P.J., and D. F. WALSH and
C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendants appeal by right an
order granting plaintiffs' motion for summary
judgment and denying their own. The trial judge
held that local governments were pre-empted from
enacting ordinances governing the construction of
curbs, approaches, sidewalks, driveways, and other
concrete exterior flatwork. In so ruling, he held
invalid the City of Novi Concrete Ordinance, No.
79-86.

Defendants first contend that plaintiffs should
have been barred from obtaining relief in circuit
court by their failure to exhaust available adminis-
trative remedies. In the lower court, defendants
claimed that plaintiffs should have sought review
of their claim by the State Construction Code
Commission pursuant to MCL 125.1509a; MSA
5.2949(9a). We agree with plaintiffs that this statu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tory provision applies only to evaluation of an agency's performance in enforcing building codes, not to review of a city's substantive enactments.

Although we do not find that exhaustion was required before seeking judicial relief, the present case does present a factual situation in which the doctrine of primary jurisdiction could profitably have been invoked by the trial judge. See *White Lake Improvement Ass'n v City of Whitehall*, 22 Mich App 262, 279-284; 177 NW2d 473 (1970). In a case in which pre-emption is claimed based on the pervasiveness of a legislative scheme, the need for administrative expertise prerequisite to judicial action is greatest. We nonetheless proceed to review this case on its merits because resort to the primary jurisdiction doctrine at the appellate level would waste judicial resources.

We note that defendants conceded that parts of the Novi concrete ordinance were pre-empted by the State Construction Code Act of 1972, MCL 125.1501 *et seq.;* MSA 5.2949(1) *et seq.,* where both the ordinance and the code purported to govern the same types of concrete work *(i.e.,* "floors of garages or any other floors made of concrete within the structure"). Defendants contend on appeal that provisions governing curbs, approaches, sidewalks, driveways, service walks, and concrete slabs (for purposes of this opinion, external flatwork) are not pre-empted.

There is no direct conflict between the ordinance and the code with respect to external flatwork. Plaintiffs can only prevail if the state statutory scheme entirely occupies the field which the municipality seeks to enter. *People v Llewellyn*, 401 Mich 314, 322; 257 NW2d 902 (1977), *cert den* 435 US 1008; 98 S Ct 1879; 56 L Ed 2d 390 (1978). Our Supreme Court has adopted certain guidelines to

aid in determining whether a field has been occupied by the state:

"First, where the state law expressly provides that the state's authority to regulate in a specified area of the law is to be exclusive, there is no doubt that municipal regulation is pre-empted. *Noey v Saginaw,* 271 Mich 595; 261 NW 88 (1935).

"Second, pre-emption of a field of regulation may be implied upon an examination of legislative history. *Walsh v River Rouge,* 385 Mich 623; 189 NW2d 318 (1971).

"Third, the pervasiveness of the state regulatory scheme may support a finding of pre-emption. *Grand Haven v Grocer's Cooperative Dairy Co,* 330 Mich 694, 702; 48 NW2d 362 (1951); *In re Lane,* 58 Cal 2d 99; 22 Cal Rptr 857; 372 P2d 897 (1962); *Montgomery County Council v Montgomery Ass'n, Inc,* 274 Md 52; 325 A2d 112; 333 A2d 596 (1975). While the pervasiveness of the state regulatory scheme is not generally sufficient by itself to infer pre-emption, it is a factor which should be considered as evidence of pre-emption.

"Fourth, the nature of the regulated subject matter may demand exclusive state regulation to achieve the uniformity necessary to serve the state's purpose or interest." (Footnotes omitted.) *Llewellyn, supra,* 323-324.

We think the pervasiveness of the State Construction Code is strong evidence of an intent to pre-empt. Moreover, the nature of the subject matter demands exclusive state regulation to achieve the uniformity necessary to serve the state's purposes in regulating construction generally. We do not think the nature of the subject matter of the ordinance calls for regulation adapted to local conditions. *Llewellyn, supra,* 324.

Affirmed. No costs, a public question being involved.