GRAY v WAYNE COUNTY

Docket No. 81705. Submitted November 13, 1985, at Detroit.—Decided
    January 7, 1986. Leave to appeal applied for.
    Plaintiff, Donald Gray, the Director of the Wayne County Office
        of Human Relations, decided to retire under an early retire-
        ment plan, "20 and Out", as provided by a Wayne County
        ordinance. Plaintiff gave notice of his intention to retire early
        and signed a "letter of understanding" which stated that the
        early retirement ordinance in question had not yet been ac-
        cepted by the Board of Trustees of defendant Wayne County
        Employees' Retirement System (WCERS). The Board of Trust-
        ees of the WCERS denied plaintiff's application for retirement
        contending that state law prohibited the implementation of the
        early retirement ordinance. Plaintiff filed suit in Wayne Circuit
        Court against defendants Wayne County, Wayne County Chief
        Executive Officer William Lucas and the Wayne County Em-
        ployees' Retirement System seeking injunctive relief to require
        the WCERS to accept plaintiff's application for retirement.
        Plaintiff and defendant WCERS each moved for summary
        judgment. The circuit court granted defendant WCERS's mo-
        tion and entered an order to that effect. Thereafter, defendants
        Wayne County and Lucas moved to reopen the action to enter
        judicial notice of the ordinance in question and to realign
        defendants Wayne County and Lucas as parties plaintiff. After
        a hearing, the circuit court, Roland L. Olzark, J., denied
        defendants Wayne County and Lucas's motion and entered an
        order to that effect. Plaintiff and defendants Wayne County and
        Lucas appealed as of right from that order. *Held:*
        1. The "20 and Out" provision which provides for retirement
        benefits once an employee has worked for at least 20 years
        clearly contravenes the statute which does not allow retirement

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political
    Subdivisions §§ 100, 193-195.
Am Jur 2d, Pensions and Retirement Funds §§ 39-72.
Employer's liability for action of trustees or similar body adminis-
    tering employer's pension plan. 54 ALR3d 189.
See also the annotations in the ALR3d/4th Quick Index under
    Counties; Municipal Corporations.

benefits for any county employee with less than 25 years of service or who is under age 55 or 60. Although Wayne County is a charter county, it is still subject to the provisions of the statute concerning county employees' retirement.

2. Since the Wayne County ordinance providing for "20 and Out" is subordinate to state law, and does in fact contravene state law, it was declared void by the Court of Appeals. WCERS's motion for summary judgment was correctly granted by the circuit court.

Affirmed.

1. Counties — Charter Counties.

A charter county's freedom to adopt procedures is limited by, and subject to, legislative enactments.

2. Counties — Charter Counties — Retirement Systems — Statutes.

A charter county is subject to the statute which does not allow retirement benefits for any county employee with less than 25 years of service or who is under age 55 or 60 and may not adopt a retirement system that contravenes the statute (MCL 46.12a; MSA 5.333[1]).

*John D. O'Hair*, Corporation Counsel, and *Glen H. Downs*, Assistant Corporation Counsel, for Wayne County and William Lucas.

*Lawrence R. Greene*, for Donald Gray.

*Butzel, Long, Gust, Klein & Van Zile, P.C.* (by *Philip J. Kessler, Thomas E. Sizemore*, and *Julie E. Monfils)*, for Wayne County Employees' Retirement System.

Before: Beasley, P.J., and V. J. Brennan and Cynar, JJ.

Per Curiam. Plaintiff, Donald Gray, and defendants Wayne County and William Lucas appeal as of right from the trial court's December 21, 1984, amended order granting Wayne County Employees' Retirement System's (WCERS) motion for summary judgment, denying plaintiff's motion for summary judgment, and dismissing with prejudice

plaintiff's action against defendants Wayne County and William Lucas.

Plaintiff, the Director of the Wayne County Office of Human Relations, decided to retire under the "20 and Out" provision of Wayne County Enrolled Ordinance No. 83-225, a retirement plan which had been promulgated by Wayne County Executive Officer William Lucas. In October, 1983, plaintiff gave notice of his intention to retire and signed a form which amounted to a letter of understanding. The contents addressed the fact that the "20 and Out" provision had not as yet been accepted by the Board of Trustees of the WCERS due to the necessity of clarifying the legality of the "20 and Out" provision. Plaintiff signed this form with the understanding that his application for retirement might be rejected if the "20 and Out" provision was determined not to comport with state law.

On November 23, 1983, the Board of Trustees of the WCERS denied plaintiff's application, believing that state law prohibited the implementation of the "20 and Out" provision. On January 17, 1984, plaintiff filed this suit for legal and equitable relief against defendants Wayne County, William Lucas, Chief Executive Officer, and WCERS. On August 28, 1984, a Wayne County circuit judge granted WCERS's motion for summary judgment, because he concluded that the "20 and Out" provision of Wayne County Enrolled Ordinance No. 83-225 was invalid because it violated MCL 46.12a; MSA 5.333(1). On November 2, 1984, the trial judge signed an order granting defendant WCERS's motion for summary judgment and denying plaintiff's motion for summary judgment. On or about October 15, 1984, defendants Wayne County and Lucas moved to reopen the action to enter judicial notice of Wayne County Enrolled Ordinance No. 83-225,

and to realign defendants Wayne County and Lucas as parties plaintiff. A hearing was held on November 2, 1984, and on November 16, 1984, the trial judge signed orders denying the motion to realign defendants Lucas and Wayne County, and judicially noticing Wayne County Ordinance No. 83-225. On December 21, 1984, the trial court entered an amended order which is the basis of this appeal.

The sole issue presented is whether Wayne County Enrolled Ordinance No. 83-225, which provides for retirement after 20 years of service irrespective of age, is valid despite the provisions of MCL 46.12a; MSA 5.333(1), which allows a county board of commissioners to pay retirement benefits to individuals who are over 55 or 60 years of age, and who have accumulated more than 25 years of service.

MCL 46.12a; MSA 5.333(1) provides, in pertinent part, as follows:

"Sec. 12a (1) a county board of commissioners at a lawfully held meeting may:

\* \* \*

"(b) Adopt and establish a plan by which the county shall purchase or participate in the cost of an endowment policy retirement annuity for a county employee or an employee of an office, board, or department of the county, including the board of county road commissioners, *to provide monthly pension or retirement benefits for each employee 60 years of age or older* in an amount not to exceed $150 per month or 2% of the average monthly earnings of the employee for 5 years immediately preceding retirement times the years of service of the employee, whichever is the lesser sum. *As an option, a county board of commissioners may adopt and establish a plan by which the county shall pay pension or retirement benefits to a county employee or an employee of an office, board, or department of the county, including the board of county road commission-*

*ers, who has been employed for not less than 25 years or who is 60 years of age or older, and has been employed for not less than 5 years,* to the extent of monthly payments equal to 2% of the employee's highest average monthly compensation or earnings received from the county or county road fund for 5 years of service times the total number of years of service of the employee, including a fraction of a year not to exceed 3/4 the average final compensation of the employee. *A plan may also pay early retirement benefits at 55 years of age or older to the extent of acutarially equivalent benefits not increasing the cost of the plan."* (Emphasis added.)

On September 22, 1983, the Wayne County Commissioners enacted Enrolled Ordinance No. 83-225. The ordinance reads, in pertinent part:

"(c) Not withstanding *[sic]* any other provision of this ordinance effective August 1, 1983, 'normal retirement date' for a member not covered by a collective bargaining agreement who has 20 or more years of credited service irrespective of the member's age shall mean the date the member satisfies both of the following requirements

"(1) the member has 20 or more years of credited service, irrespective of the member's age, and

"(2) the member gives written notice to the retirement office on or before November 30, 1983, of his or her intent to exercise this early retirement option."

The trial court concluded:

"The '20 and Out' provision which provides for retirement benefits once an employee has worked for at least twenty years clearly contravenes MCL 46.112a which does not allow retirement benefits for anyone with less than twenty-five years of service or under age fifty-five or sixty. Even though a charter county, Wayne County is still subject to the provisions of MCL 46.12a. Since the county ordinance is subordinate to state law and it does, in fact, contravene the provisions of MCL 46.12a,

it must be declared void. Accordingly, Defendant, Wayne County Employees Retirement System's motion for Summary Judgment is granted and may be entered forthwith."

Plaintiff argues at length that Wayne County has the power to amend its retirement ordinance. The WCERS does not dispute the county's right to amend its ordinance. It contends that this particular amendment violated state law, specifically MCL 46.12a; MSA 5.333(1), and was void. Appellants, in support of their position that Wayne County need not comply with the provisions of MCL 46.12a; MSA 5.333(1), argue: (1) ordinances enacted by "home rule charter counties" need not necessarily conform to any general state statute, unlike ordinances enacted by Michigan home rule cities; (2) Wayne County's reorganization and apportionment of powers under the charter counties act "rendered nugatory" in Wayne County the provisions of MCL 46.12a; MSA 5.333(1) governing county retirement plans; and (3) Wayne County has, pursuant to MCL 45.514(1)(g); MSA 5.302(14)(1)(g), "opted out" from under the limitations imposed by MCL 46.12a; MSA 5.333(1).

Appellants' first argument, which essentially is that counties need not comply with state statutes, must be rejected. On this point, the trial court held:

"* * * While a charter county may derive its authority from the Constitution and a valid state statute, a county ordinance will not necessarily displace all other statutes which related to the same subject matter regulated by the ordinance. The power of a county to pass its own laws and ordinances is subject to the Constitution and general state law. *Grand Haven v Dairy Co,* 330 Mich 694; 48 NW2d 362 (1951). Therefore, when an ordinance or regulation in some way contravenes state

law it must be declared void. Quoting an earlier Supreme Court case, the Court in *Grand Haven* stated:

" 'In the absence of specific statutory or charter power in the municipality, the provisions of an ordinance which contravene a State law are void.

" 'What the legislature permits, a city cannot suppress without express authority therefor.' *Noey v City of Saginaw,* (syllabi), 271 Mich 595.

"*Id.,* at 698; 48 NW2d at 364.

"Recently, the Court of Appeals ruled that county ordinances remain subject to and limited by legislative enactments. In *Ficano v Lucas,* 133 Mich App 268; 351 NW2d 198 (1983), the Court stated that the grant of 'home rule' status to a municipality was not meant to serve as a broad grant of plenary power; rather, a charter county remained subject to constitutional and statutory limitations. The Court felt that 'reliance upon 'home rule' *[sic]* concepts is at best strained, if not totally misplaced.' *Id.,* at p. 8, nt. 4."

Appellants claim that the trial court erred in concluding that the rule of *Grand Haven* applied to counties, and contends that the holding in that case was based on a provision in the home rule cities act. However, that position ignores this Court's unambiguous holding in *Ficano v Lucas,* 133 Mich App 268, 277; 351 NW2d 198 (1983), that a charter county's freedom to adopt procedures remains limited by, and subject to, legislative enactments. Appellants' argument that some counties need not obey state statutes must be rejected.

Appellants' next argument is that Wayne County's reorganization and apportionment of powers under the charter counties act, MCL 45.501 *et seq.;* MSA 5.302(1) *et seq.,* "rendered nugatory" in Wayne County the provisions of MCL 46.12a; MSA 5.333(1). They contend that "the trial court's principal error in this action was its failure to appreciate the consequences that flowed from Wayne

County's reorganization in 1981 under the charter counties act".

The purpose of MCL, ch 46 is set out as follows:

"AN ACT to define the powers and duties of the county boards of commissioners of the several counties, and to confer upon them certain local, administrative and legislative powers; and to prescribe penalties for the violation of the provisions of this act. [Amended by P.A. 1978, No. 51, § 1, March 9.]"

Wayne County government is organized pursuant to MCL 45.514(1)(a); MSA 5.302(14)(1)(a) which provides:

"Sec. 14. (1) A county charter adopted under this act shall provide for all of the following:

"(a) In a county having a population of less than 1,500,000, for a salaried county executive, who shall be elected at large on a partisan basis, and for the county executive's authority, duties, and responsibilities. In a county having a population of 1,500,000, or more, a county charter adopted under this act shall provide for a form of executive government described and adopted pursuant to the procedures prescribed in section 11a."

In their brief, appellants argue:

"Consequently, the commission form of government has been discarded in Wayne County, and with it went the multipowered board of commissioners to which the general counties act refers. Those 'local, administrative and legislative powers' conferred by the general counties act upon the erstwhile board of county commissioners now have been apportioned under the Charter Counties Act between the Wayne County Commission and the county's Chief Executive Officer. In short, in Wayne County the sole governmental entity or body presupposed by the general counties act is gone.

"In holding that nevertheless 'Wayne County is still

subject to the provisions of MCL 46.12a.' * * * the trial court failed to appreciate the impact in Wayne County of abolishing the board of county commissioners, and with it the commission form of government. For one thing (and with regard to county retirement plans), the various duties and tasks imposed by the general counties act on the creation and administration of county retirement plans are all inapposite to Wayne County— the governmental body which the general act purports to direct and control does not exist in Wayne County. And without going down through all of the provisions in MCLA 46.12a., it may be enough to say that neither branch of the government that succeeded the Wayne County board of commissioners can unilaterally perform (as could the former board of commissioners) any duty or task in the act. The same may be said with regard to the powers the act defines and grants."

The ordinance at issue in this case was promulgated by the Wayne County Board of Commissioners. Apparently appellants conclude that the government has changed so dramatically that the county need no longer comply with state law. There is no merit to this position. We conclude that MCL 46.12a; MSA 5.333(1) continues to apply to the Wayne County Board of Commissioners, despite the change in the nature of county government.

Essentially, appellants' contention is that MCL 46.12a; MSA 5.333(1) has been expressly or impliedly repealed. In this regard, the trial court noted:

"Reading MCL 45.514(g)-(i) together with MCL 45.515(f), as Plaintiff suggests, does not amount to an express repeal of 46.12a. In the absence of an express statement of repeal, it should not be presumed that one act repeals another. *Michigan United Conservation Clubs v City of Cadillac,* 51 Mich App 299; 214 NW2d 736 (1974). There is however no language in MCL 45.501 *et seq.,* giving rise to an express repeal of MCL

46.12a and in fact these two acts are quite compatible with one another. This Court is not convinced that MCL 46.12a has been expressly repealed as Plaintiff suggests.

"Plaintiff additionally argues that MCL 46.12a has been impliedly repealed by MCL 45.501 *et seq.* It should initially be noted that Plaintiff carries the burden of establishing that the earlier statute has been repealed. *Flynn v City of Frazer [sic],* 45 Mich App 346; 206 NW2d 448 (1973). Furthermore, repeal by implication only occurs where there is a direct statutory conflict. *Rockwell v Crestwood School Dist Brd of Educ,* 393 Mich 616; 227 NW2d 736 (1975); *reh den* 394 Mich 944 (1975).

"Generally, Courts disfavor repeal by implication and will find such only upon a clear showing of legislative intent. *Ziehm v State Farm Ins,* 88 Mich App 576; 278 NW2d 678 (1979). The Courts look to see if there is such a positive repugnancy between the acts as to render them incompatible with each other. As Justice WIL-LIAMS recently stated in *Council No 23 v Recorder's Court,* 399 Mich 1, 8-9; 248 NW2d 220, 222 (1976).

" '* * * this opinion reverts to the basic doctrine underlying the rules my brothers rely on, to wit, that there is no repeal by implication unless there is positive repugnancy between the later and earlier statutes. That is the way legislative intention is expressed. That is the foundation for the rule that normally a general statute does not repeal a specific one.'

"Reviewing the statutes and their legislative history, there is no evidence that MCL 46.12a and any part of the County Charters Act are incompatible with one another. MCL 46.12a establishes broad parameters in which a Board of Supervisors may provide insurance, pension or retirement benefits to county employees; MCL 54.501 *et seq.,* provides for the establishment of charter counties and prescribes the mandatory and permissive provisions of a county charter. Specifically, MCL 45.515(f) permits a charter county to adopt a system of retirement for its employees. This provision does not amount to a repeal of MCL 46.12a. There are no contradictory or new limitations set forth in this section. As the Court in *Ziehm, supra,* noted:

"*Had the Legislature intended so sweeping a change*

*from well-established limitations it would, in our opinion, have done so in precise language. So major a change requires more than inferences. To succeed, plaintiff must establish a repeal by implication of § 520 and § 3009. Repeal by implication is not favored by the courts and is found to have occurred only upon clear showing of legislative intent.* (Emphasis added.)

"*Id.,* at 583; 278 NW2d 681.

"Therefore, the two sections can be easily reconciled; within the parameters of MCL 46.12a, a charter county may adopt a retirement system of its own."

The trial court's conclusion that the two statutes were compatible with one another was correct.

Appellants further contend that, even if MCL 46.12a; MSA 5.333(1) was applicable to Wayne County, that county "opted out" of those provisions pursuant to MCL 45.514(1); MSA 5.302(14)(1), which provides:

"Sec. 14. (1) A county charter adopted under this act shall provide for all of the following:

\*     \*     \*

"(g) That the general statutes and local acts of this state regarding counties and county officers shall continue in effect except to the extent that this act permits the charter to provide otherwise, if the charter does in fact provide otherwise."

Appellants contend that both conditions set out in the above provision were satisified. MCL 45.514(1)(e); MSA 5.302(14)(1)(e) makes mandatory "the continuation and implementation of a system of pensions and retirement for county officers and employees in those counties having a system in effect at the time of the adoption of the charter". MCL 45.515(f); MSA 5.302(15)(f) permits a county to include a system of retirement for county officials and employees in its charter. Thus, because

the charter counties act does mention retirement plans, but does not specifically include a restatement of MCL 46.12a; MSA 5.333(1), appellants conclude that those provisions do not apply to Wayne County. However, no provision of the charter counties act evinces an intent to allow counties to circumvent the provisions of MCL 46.12a; MSA 5.333(1), relating to county retirement plans.

As appellee argues, this argument proves too much. It would render MCL 45.514(1)(g); MSA 5.302(14)(1)(g), which preserves the applicability of general law to charter counties, a nullity. By appellants' argument, none of the general statutes governing counties or county officers would apply to Wayne County.

Even if appellants could meet the first condition for "opting out" set out above, they could not demonstrate that Wayne County, by charter, chose to "opt out". Article VI of the charter addresses the Wayne County Retirement System. There is no provision in that article purporting to circumvent the general statutory provisions governing county retirement systems.

However, § 1.112 of the charter states that "Wayne County is not required to perform any service or function mandated by any statute applicable only to general law counties, their officers or agencies". Appellants contend that, by this section, Wayne County opted out of MCL 46.12a; MSA 5.333(1). Since appellants have not demonstrated that MCL 46.12a; MSA 5.333(1) is applicable only to "general law" (*i.e.,* noncharter) counties, its position is not helped by that provision. We believe much more specific provisions must be included in the statute and the county's charter in order for a county to "opt out" of a statutory requirement.

The "20 and Out" provision which provides for

retirement benefits once an employee has worked for a least 20 years clearly contravenes MCL 46.12a; MSA 5.333(1), which does not allow retirement benefits for anyone with less than 25 years of service or who is under age 55 or 60. Although a charter county, Wayne County is still subject to the provisions of MCL 46.12a; MSA 5.333(1). Since the county ordinance is subordinate to state law, and it does in fact contravene the provisions of MCL 46.12a; MSA 5.333(1), it must be declared void. Accordingly, WCERS's motion for summary judgment was correctly granted by the trial court.

Affirmed.