MAY v ST LUKE'S HOSPITAL

Docket No. 78824. Submitted June 13, 1984, at Lansing.—Decided September 26, 1984.

Kevin McKeown died while undergoing surgery at St. Luke's Hospital. At the time Kevin was admitted to the hospital, his mother allegedly signed an arbitration agreement and was presented an arbitration pamphlet. Twenty months after Kevin's death, Alan A. May was appointed administrator of Kevin's estate. May, as administrator of Kevin's estate, filed a medical malpractice action against St. Luke's Hospital and others in Saginaw Circuit Court, contending that the arbitration agreement was not properly executed. Defendants filed a motion for accelerated judgment and sought an order compelling plaintiff to arbitrate his claim. The court, Gary R. McDonald, J., granted the motion for accelerated judgment and entered an order requiring plaintiff to arbitrate his claim. Plaintiff appealed to the Court of Appeals, which, in an unpublished opinion, reversed the decision of the trial court on the ground that the medical malpractice arbitration act was unconstitutional. Defendants sought leave to appeal to the Supreme Court. The application for leave to appeal was held in abeyance pending the Supreme Court's decision in two other cases on the issue of the constitutionality of the medical malpractice arbitration act. The Supreme Court in those two cases held that the arbitration act was not unconstitutional and, in lieu of granting leave to appeal to defendants in this case, reversed the judgment of the Court of Appeals and remanded the case to the Court of Appeals for consideration of the other issues raised by plaintiff. 419 Mich 873 (1984). *Held:*

1. The trial court erred in holding that it was up to an arbitration panel to resolve a factual dispute as to whether decedent's mother was given a copy of the arbitration information brochure, a copy of the arbitration agreement or was given an explanation of the arbitration procedure. The case is re-

References for Points in Headnotes
[1, 2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 376.
  Arbitration of medical malpractice claims. 84 ALR3d 375.
[2] 40 Am Jur 2d, Hospitals and Asylums § 16.

manded to the trial court for a determination as to whether the arbitration agreement was executed properly in all respects.

2. Remand is also necessary for an evidentiary hearing on the plaintiff's claim that the arbitration agreement was presented to the decedent's mother before emergency treatment was completed. The hearing is to be held within 30 days of the release date of the Court of Appeals opinion. A transcript of the hearing is to be furnished to the Court of Appeals by the court reporter within 50 days of the release date of the Court of Appeals opinion. Jurisdiction is retained.

· Remanded.

1. ARBITRATION — MEDICAL MALPRACTICE — STATUTES.
  The medical malpractice arbitration act is in derogation of common law in that it takes away one's right to sue and have his case heard by a jury in a court of law; therefore, an arbitration agreement executed pursuant to it must be in strict conformance with the statute before arbitration may be ordered (MCL 600.5042[8]; MSA 27A.5042[8]).

2. ARBITRATION — MEDICAL MALPRACTICE — HOSPITALS — EMERGENCY CARE.
  A hospital must complete emergency care or treatment of an individual prior to offering that individual the option to arbitrate any dispute, controversy, or issue arising out of the care or treatment rendered by the hospital (MCL 600.5042[1]; MSA 27A.5042[1]).

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *John N. Markwick* and *Adrienne G. Southgate*), for plaintiff.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Mona K. Majzoub*), for St. Luke's Hospital.

*Smith & Brooker, P.C.* (by *Richard G. Smith*), for Robert Toteff, M.D., and Saginaw Cooperative Hospitals.

Before: DANHOF, C.J., and R. B. BURNS and WAHLS, JJ.

PER CURIAM. The plaintiff, administrator of the

estate of Kevin McKeown, appeals from the order of the Saginaw County Circuit Court which compelled him to arbitrate his case by granting defendants' motion for accelerated judgment. In an earlier, unpublished opinion, a majority of this panel reversed the decision of the circuit court and held that the medical malpractice arbitration act (MMAA) was unconstitutional. MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.* The recent disposition of this issue by the Supreme Court in *Morris v Metriyakool,* 418 Mich 423; 344 NW2d 736 (1984), resulted in the Supreme Court reversing our earlier ruling and remanding the case for consideration of the remaining issues raised by plaintiff, 419 Mich 873 (1984).

Plaintiff argues that the case must be remanded to the trial court for an evidentiary hearing on the issue of whether defendant hospital executed the arbitration agreement in strict conformance with § 5041 of the arbitration statute. Plaintiff rests on the assertion of the decedent's mother that she was not given a copy of the information brochure, did not receive a copy of the agreement and was not given an explanation of the arbitration procedure. The trial judge held that the proper forum for the resolution of this factual dispute was the arbitration panel. The trial judge erred. This Court has consistently held that "the fact that (the MMAA) is purely a creature of statute in derogation of common law requires strict statutory compliance before arbitration may be ordered". *Capman v Harper-Grace Hospital,* 96 Mich App 510, 518; 294 NW2d 205 (1980). See also *Rome v Sinai Hospital of Detroit,* 112 Mich App 387, 391-393; 316 NW2d 428 (1982). Therefore, we remand this case for a determination of whether the arbitration agreement was executed properly in all respects.

We also remand for an evidentiary hearing on the plaintiff's claim that the arbitration agreement was presented to the decedent's mother before emergency treatment was completed. Section 5042(1) of the act would appear to prohibit this. Said hearing on remand is to be held within 30 days of this Court's release date of this opinion. Thereafter, the reporter shall provide this Court with a copy of the transcript within 50 days after the Court's decision. We retain jurisdiction because the character of the legal issues not addressed in this opinion will be affected by the outcome of the hearings.

Remanded.