HARRISON v GRAND TRUNK WESTERN RAILROAD COMPANY

Docket No. 86857. Submitted November 17, 1986, at Detroit. Decided April 13, 1987. Leave to appeal applied for.

Charles B. Harrison filed suit against Grand Trunk Western Railroad Company and the Oakland County Road Commission in Oakland Circuit Court for damages arising out of a collision between Harrison's car and one of Grand Trunk's trains. Nancy Harrison and Jessica Lynn Harrison brought derivative claims for loss of consortium. The jury found no negligence on the part of defendants and a judgment of no cause of action was entered, Robert C. Anderson, J. Plaintiffs' motion for a new trial was denied. Plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court did not err in prohibiting plaintiffs from referring in opening statement to a duty on the part of defendants to petition the state for additional grade crossing devices.

2. The trial court properly granted defendants' motion for a directed verdict on the issue of whether defendants had a duty to petition the state for additional grade crossing protections.

3. The trial court did not err in excluding an investigation report, written by Grand Trunk, from being admitted into evidence.

4. The trial court did not err in scheduling the case for trial.

5. The trial court did not err in conducting voir dire itself or in dismissing two jurors for cause.

6. The jury's verdict was not against the great weight of the evidence.

Affirmed.

REFERENCES

Am Jur 2d, Jury §§ 195 *et seq.*

Am Jur 2d, Railroads §§ 477 *et seq.*; 624 *et seq.*

Railroad's liability to owner or occupant of motor vehicle for accident allegedly resulting from defective condition of road surface at crossing. 91 ALR2d 10.

Admissibility, in civil case, of juror's affidavit or testimony to show bias, prejudice, or disqualification of a juror not disclosed on voir dire examination. 48 ALR2d 971.

1. RAILROADS — CROSSING SIGNS — COUNTY ROAD COMMISSIONS.

   Railroad companies and county road commissions cannot erect additional railroad crossing signs without proper permission and are not liable for failure to erect a sign unless the sign was ordered by public authorities (MCL 257.615, 257.668; MSA 9.2315, 9.2368).

2. RAILROADS — CROSSING SIGNS — COUNTY ROAD COMMISSIONS.

   Railroad companies and county road commissions have a common-law duty of due care, which includes petitioning the proper authorities when the railroad or the county considers warning devices at a dangerous crossing to be insufficient, so that the situation can be remedied.

3. RAILROADS — ACCIDENTS — MONTHLY REPORTS — EVIDENCE.

   The monthly reports statutorily required to be made of all collisions or accidents resulting in death or serious injury arising from the operation of a railroad by a common carrier cannot be used as evidence in any lawsuit that grows out of such collision or accident (45 USC 38, 41).

4. ACTIONS — MEDIATION — COURT RULES.

   A trial court, following the completion of discovery, has three options: (1) schedule a pretrial conference; (2) schedule the action for mediation; or (3) schedule the action for trial; should a court select an action for mediation, the selection has no effect on the normal progress of the action toward trial (MCR 2.403, 2.501[A]).

5. TRIAL — VOIR DIRE — COURT RULES.

   A trial court itself may conduct voir dire or permit the attorneys to do so (MCR 2.511[C]).

6. TRIAL — VOIR DIRE — APPEAL.

   A trial court has broad discretion in its voir dire examination and its decision on a juror's impartiality will be reversed on appeal only if it represents a clear abuse of discretion.

*Frimet, Bellamy & Gilchrist, P.C.* (by *Frederick B. Bellamy* and *Michael S. Cafferty*), for plaintiffs.

*John A. Ponitz,* for Grand Trunk Western Railroad Company.

*Patterson & Patterson, Whitfield, Manikoff, Ter-*

*nan & White* (by *Gerald G. White*), for Oakland
County Road Commission.

Before: SHEPHERD, P.J., and WAHLS and SULLI-
VAN, JJ.

PER CURIAM. Plaintiffs Charles B. Harrison
(plaintiff), Nancy Harrison, and Jessica Lynn Har-
rison filed suit against defendants Grand Trunk
Western Railroad Company and the Oakland
County Road Commission for damages arising out
of a collision between the railroad's train and
plaintiff Charles Harrison's car. Nancy and Jessica
Harrison were not involved in the accident and
their actions are for the derivative claims of loss of
consortium. A jury found no negligence on the
part of defendants and a judgment of no cause of
action was entered. Plaintiff's motion for new trial
was denied, and he appeals as of right. We affirm.

Plaintiff raises five issues on appeal. First, he
argues that the trial court erred in granting defen-
dants' motion in limine and in directing a verdict
in favor of defendants on the issue of their duty to
petition for additional grade crossing protections.

Prior to trial, defendants moved for summary
disposition on several issues, including plaintiff's
theory that the defendants had a duty to petition
the state for additional grade crossing devices.
Plaintiff claims on appeal that the trial court
granted a motion in limine that prevented him
from presenting evidence to the jury on this issue.

An examination of the record reveals that the
court merely prohibited plaintiff from referring to
this alleged duty in opening statement because it
needed time to review the motion. There was no
total prohibition as plaintiff claims. We also note
that plaintiff did in fact raise this issue. However,
contrary to this argument, the experts testified

that additional safeguards, in the form of higher signs, as plaintiff proposed, were not required.

Plaintiff also argues that the trial court erred in granting defendants' motion for directed verdict on this duty issue.

In reviewing the grant or denial of a directed verdict, this Court must view the evidence in a light most favorable to the nonmoving party. If the evidence establishes a prima facie case, a directed verdict is improper. *Clery v Sherwood,* 151 Mich App 55, 63-64; 390 NW2d 682 (1986). The issue is for the jury if there are material issues of fact upon which reasonable minds can differ. *Id.,* 64.

Plaintiff contends that the defendants have a common-law duty to petition the state for additional grade crossings where there is a safety need. We agree with plaintiff but find that the directed verdict was, nonetheless, properly granted.

Only authorized officials can maintain or place a high traffic sign, including railroad warning signs. MCL 257.615; MSA 9.2315. In the same vein, the liability of county road commissions at railroad crossings is limited as follows:

> The erection of or failure to erect, replace, or maintain a stop or yield sign or other railroad warning device, unless such devices or signs were ordered by public authority, shall not be a basis for an action of negligence against the state transportation department, county road commissions, the railroads, or local authorities. [MCL 257.668(2); MSA 9.2368(2).]

Prior to the 1979 amendment of MCL 257.668; MSA 9.2368, the act limited the liability of the road commissions, but not of the railroads, as follows:

> The erection of or failure to replace or maintain

such signs shall not be a basis for any action of negligence against the state highway commissioner, the several county road commissions or local authorities.

In other words, defendants cannot erect additional crossing signs without proper permission, MCL 257.615; MSA 9.2315. They also will not be liable for failure to erect a sign unless the sign was ordered by public authorities, MCL 257.668; MSA 9.2368. However, apart from the above provisions, defendants still have the common-law duty of due care. *Cryderman v Soo Line R Co,* 78 Mich App 465; 260 NW2d 135 (1977), lv den 402 Mich 867 (1978); *Johnson v Grand Trunk Western R Co,* 58 Mich App 708, 717; 228 NW2d 795 (1975); *People v Grand Trunk Western R Co,* 3 Mich App 242, 248; 142 NW2d 54 (1966). That duty includes petitioning the proper authorities when the railroad or the county considers warning devices at a dangerous crossing to be insufficient, so that the situation can be remedied. *Cryderman, supra,* 470-471, 476; *Johnson, supra,* 717-718; *Grand Trunk Western R Co, supra,* 248.

*Cryderman* was decided before the 1979 amendment to MCL 257.668; MSA 9.2368 which included railroads in its liability exculpation provision and dealt with the road commission's responsibility to request higher signing. In that case, this Court rejected the road commission's argument that it cannot be held liable for its failure to petition the Public Service Commission in view of the prohibitions contained in MCL 257.615; MSA 9.2315. *Cyderman, supra,* 478.

Therefore, neither MCL 257.615; MSA 9.2315 nor MCL 257.668; MSA 9.2368 exempts either the railroad or the road commission from liability if they knew of a dangerous condition at the crossing and failed to petition for higher signing.

However, in the instant case, there was no evidence to prove that a dangerous condition existed at this crossing which would have placed a duty on the defendants to petition for different warning devices. The road involved was a rural, dirt road and a train crossed, at most, twice a day. The crossing was equipped with crossbucks, a stop sign, and an advance warning sign. There was no testimony presented that such signaling devices were inadequate. Even plaintiff's strongest witness, a railroad safety inspector who inspected the accident site a few months prior to the accident, testified that he did not recommend any change in signaling. Plaintiff has failed to present any evidence that there was a need for additional signaling devices. Thus, reasonable minds would conclude that the defendants did not breach their duty to petition for additional signaling. Accordingly, the directed verdict was properly granted.

Plaintiff's second argument is that the trial court committed error in excluding an investigative report, written by the railroad, from being admitted into evidence. We disagree.

By statute, a monthly report must be made of all collisions or accidents resulting in death or serious injury arising from the operation of a railroad by a common carrier. 45 USC 38. However, the statute expressly provides that the report may not be used as evidence in any suit that grows out of such collision or accident. 45 USC 41. Thus, the report was properly excluded.

Furthermore, a trial court may exclude evidence as speculative, MRE 403. The court's determination to exclude evidence under MRE 403 will not be reversed absent an abuse of discretion. *Kirk v Ford Motor Co*, 147 Mich App 337, 343; 383 NW2d 193 (1985). Here, the trial court excluded the

report because it was based on hearsay with no independent investigation. We find no error.

Plaintiff's third argument is that a new trial should be ordered because the case was improperly scheduled for trial and not allowed to proceed through mediation. The instant action was filed on August 2, 1983. The pretrial conference was in June, 1984, and the discovery cutoff date was November, 1984. The trial was held in May, 1985.

Plaintiff cites no authority for his proposition that he had a right to mediation or that trial occurred too early. A statement of position without supporting citations is insufficient to bring an issue before this Court. *In re Futch,* 144 Mich App 163, 166; 375 NW2d 375 (1984).

We also note that, pursuant to MCR 2.403 and GCR 1963, 316.1, mediation is not mandatory. Specifically, MCR 2.403 provides:

> A court *may* submit to mediation any civil action in which the relief sought consists of money damages or division of property. [Emphasis added.]

Mediation was scheduled at least twice during the course of this action but was adjourned both times at plaintiff's request. Finally the court placed the case on the trial docket. After the completion of discovery, a trial court has three options: (1) schedule a pretrial conference; (2) schedule the action for mediation; or (3) schedule the action for trial. MCR 2.501(A). Should a court select an action for mediation, the selection "has no effect on the normal progress of the action toward trial." MCR 2.403(B)(2). The trial court attempted to schedule the case for mediation but, after delays, scheduled trial. MCR 2.501(A)(3). The trial court's action in scheduling trial did not constitute an abuse of discretion.

Plaintiff's fourth argument is that the trial court erred because it conducted voir dire itself rather than allowing plaintiff to do it and because the court excused two jurors. We disagree.

The trial court itself may conduct voir dire or the court may permit the attorneys to do so. MCR 2.511(C), formerly GCR 1963, 511.3. Plaintiff does not contend that he requested questions of the jurors which the trial court refused to ask or that the trial court's examination was inadequate. There was no error.

Further, the trial court did not abuse its discretion when it dismissed two jurors for cause. A trial court has broad discretion in its voir dire examination and its decision on a juror's impartiality will be reversed on appeal only if it represents a clear abuse of discretion. *Willoughby v Lehrbass,* 150 Mich App 319, 331; 388 NW2d 688 (1986); *Haisenleder v Reeder,* 114 Mich App 258, 266; 318 NW2d 634 (1982), lv den 417 Mich 969 (1983).

In the instant case, the trial court dismissed four jurors on its own initiative. The jurors whose dismissal plaintiff contests were jurors No. 4 and 7. Both jurors were excused because they indicated they would have a difficult time being impartial. The trial court did not err when it dismissed the jurors due to indications of bias and partiality. MCR 2.511(D).

Plaintiff's final contention is that the jury's verdict, finding no negligence on the part of defendants, was against the great weight of the evidence. We disagree. There was testimony that residents in the vicinity did not have any problems with the visibility of approaching trains. There was also ample evidence to conclude that the proximate cause of the accident was plaintiff's negligence in failing to stop at the stop sign.

Affirmed.