## LATHAM v WEDEKING

Docket No. 93503. Submitted May 6, 1987, at Grand Rapids. Decided
    July 21, 1987.

Letha Latham, as next friend of Tamara M. Latham, filed a
    medical malpractice suit in the Calhoun Circuit Court against
    Frederick Wedeking, M.D., Southwest Michigan Emergency
    Services, Inc., Leila Hospital & Health Center and other defen-
    dants. Plaintiff alleged that Tamara Latham suffers from men-
    tal retardation as a result of improper treatment due to a
    misdiagnosis of her illness when plaintiff brought her to the
    emergency room at Leila Hospital & Health Center. The illness
    was later diagnosed as Reyes Syndrome. The trial court, Paul
    Nicolich, J., granted summary disposition in favor of defen-
    dants Southwest Michigan Emergency Services, Inc., and Leila
    Hospital & Health Center, ruling that the court lacked subject-
    matter jurisdiction since plaintiff had executed, on behalf of
    Tamara M. Latham, an agreement to arbitrate pursuant to the
    Malpractice Arbitration Act. Plaintiff appealed.

The Court of Appeals *held*:

A hospital must complete emergency care or treatment of an
    individual prior to offering that individual or, if the individual
    is a minor child, his parent or guardian the option to arbitrate
    any dispute, controversy or issue arising out of the care or
    treatment rendered by the hospital. In this case, a remand was
    ordered by the Court of Appeals for a determination whether
    emergency care or treatment was in fact completed before the
    arbitration option was offered to plaintiff.

Reversed and remanded.

1. ARBITRATION — MALPRACTICE ARBITRATION ACT — BURDEN OF
    PROOF — PRESUMPTION OF VALIDITY.

The burden of establishing the existence of an arbitration agree-
    ment that conforms to the strict requirements of the Malprac-
    tice Arbitration Act rests with the party seeking to enforce the
    agreement; once prima facie evidence of such an agreement has

REFERENCES
Am Jur 2d, Arbitration and Award §§ 6-10, 17, 20, 26, 31, 41.
Arbitration of medical malpractice claims. 84 ALR3d 375.

been presented, the statutory presumption of validity accrues, and the burden of going forward with evidence to rebut the presumption then shifts to the party seeking to avoid the agreement (MCL 600.5042; MSA 27A.5042).

2. ARBITRATION — MALPRACTICE ARBITRATION ACT — HOSPITALS — EMERGENCY CARE.

A hospital must complete emergency care or treatment of an individual prior to offering that individual or, if the individual is a minor child, his parent or guardian the option to arbitrate any dispute, controversy or issue arising out of the care or treatment rendered by the hospital (MCL 600.5042[1]; MSA 27A.5042[1]).

*Blaske & Blaske, P.C.* (by *E. Robert Blaske*), *Michael J. Rae,* and *Anthony M. Calderone, P.C.* (by *Anthony M. Calderone*), for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman*), for Leila Hospital & Health Center.

Before: CYNAR, P.J., and SAWYER and J. S. THORBURN,* JJ.

CYNAR, P.J. In this medical malpractice suit, plaintiff appeals as of right from an order of the trial court granting summary disposition in favor of defendants Southwest Michigan Emergency Services, Inc., and Leila Hospital and Health Center. We reverse.

Tamara M. Latham, whose date of birth is June 14, 1968, was taken to the Leila Hospital emergency room by her mother, Letha E. Latham, on June 17, 1980, at approximately 2:30 P.M., after the child had been ill for several days. The emergency room physician examined, treated and prescribed medication for Tamara, before her release at 7:00 P.M. that same day.

On June 18, 1980, at about 2:00 A.M., Tamara

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was returned to the hospital because she had become disoriented, hysterical and comatose. At 5:30 A.M., Tamara was transferred to Bronson Methodist Hospital where a diagnosis of Reyes Syndrome was made. Due to a delay in diagnosis and treatment, Tamara apparently suffers from mental retardation.

As a result of the alleged misdiagnosis and improper treatment of Tamara, her mother, as next friend, sued the defendants. The defendants filed a motion for summary disposition arguing that since Tamara's mother executed a valid arbitration agreement on June 17, 1980, the circuit court lacked subject-matter jurisdiction and that any claims should be submitted to arbitration. The trial court granted defendants' motion and the instant appeal ensued.

The sole issue before this Court is whether MCL 600.5042; MSA 27A.5042, the Michigan Malpractice Arbitration Act (MMAA), applies to a parent who is offered an arbitration agreement on behalf of a minor child so as to require the offering of the option to arbitrate after completion of emergency care or treatment.

MCL 600.5042(1); MSA 27A.5042(1) states:

> A person who receives health care in a hospital may execute an agreement to arbitrate a dispute, controversy, or issue arising out of health care or treatment rendered by the hospital. *A person receiving emergency health care or treatment may be offered the option to arbitrate but shall be offered the option after the emergency care or treatment is completed.* [Emphasis supplied.]

The emphasized language is in dispute. Plaintiffs maintain that, since the mother could bind the child to the arbitration agreement she signed on Tamara's behalf, the above language should be

extended to include a parent or guardian signing on behalf of the minor child.

Defendants assert that the disputed language is inapplicable because the mother was not the person receiving "emergency health care or treatment." Hence, they argue, it is unnecessary for a hospital or medical facility to comply with the requirements of that particular section of the statute. We disagree.

The rules of statutory construction were concisely stated in *Nicholas v Michigan State Employees Retirement Bd,* 144 Mich App 70, 74; 372 NW2d 685 (1985):

> (1) when a statute is unambiguous, further construction is to be avoided; (2) if an ambiguity exists, the intent of the Legislature must be given effect; (3) a construction which best accomplishes the statute's purpose is favored; (4) statutes are to be interpreted as a whole and construed so as to give effect to each provision; (5) specific words in a statute are given their ordinary meaning unless a different interpretation is indicated; and (6) respectful consideration is to be given to the construction of a statute used by those charged with its application.

Recently, in *McKinstry v Valley Obstetrics-Gynecology Clinic, PC,* 428 Mich 167; 405 NW2d 88 (1987), the Supreme Court resolved the conflict regarding the burden of proof in establishing the validity or invalidity of an arbitration agreement signed pursuant to the MMAA. The Court held that the burden of demonstrating the existence of an arbitration agreement that conforms to the strict requirements of the statute rests with the party seeking to enforce the agreement. Once prima facie evidence of such an agreement has been shown, the statutory presumption of validity is

made out, and the burden of going forward with evidence to rebut the presumption then shifts to the party seeking to avoid the agreement. *Id.,* p 173.

In *May v St Luke's Hospital,* 139 Mich App 452; 363 NW2d 6 (1984), the plaintiff was the administrator of the estate of the decedent, Kevin McKeown, and he was ordered by the trial court to arbitrate his case. Plaintiff argued that the agreement was not executed in accordance with the MMAA because the decedent's mother—who apparently executed the agreement—did not receive a copy of the information brochure, did not receive a copy of the agreement and was not provided with an explanation of the arbitration procedure.

This Court remanded for an evidentiary hearing to determine whether the agreement was properly executed in all respects. This Court also remanded for a finding of whether the agreement was presented to the decedent's mother before emergency treatment was completed. The Court concluded that § 5042(1) would prohibit this.

We conclude, as a matter of law, that a "person receiving health care" and a "person receiving emergency health care" includes a parent or guardian signing on behalf of the minor child.

This conclusion is based on a reading of the statutory language and the holding in *May* which, if not expressly, impliedly indicated that § 5042(1) would be violated if a person, other than the one receiving treatment, who signs on behalf of the person receiving treatment, is asked to execute the agreement prior to the completion of medical treatment. This conclusion appears to be the most consistent reading of the statute because parents have the power under the MMAA to bind their minor children to arbitration agreements entered

on behalf of the minor children. MCL 600.5046(2); MSA 27A.5046(2).

Therefore, we remand the case to the trial court for further proceedings.

Reversed and remanded.