ROBERTS v WAYNE COUNTY

KUDLA v WAYNE COUNTY

Docket Nos. 96858, 96859. Submitted May 5, 1988, at Detroit. Decided April 3, 1989. Leave to appeal applied for.

Larry Roberts and others, assistant Wayne County prosecutors, brought an action in the Wayne Circuit Court against Wayne County and its board of commissioners alleging that they were deprived of the opportunity to compete for employment positions which were filled by direct appointment rather than civil service eligibility lists. Richard A. Kudla and others, assistant Wayne County corporation counsel, filed a separate action against defendants making the same allegation. The circuit court, Charles Kaufman, J., consolidated the actions and granted summary disposition for defendants, holding that the county civil service system had been lawfully modified to remove the disputed positions from the classified civil service system, that the public employment relations act did not preempt the action or establish the Employment Relations Commission as the proper forum for the action, and that plaintiffs could maintain the action in their individual capacities rather than through their union. Plaintiffs appealed in each case, the defendants cross-appealed, and the appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The charter counties act requires a charter county to continue to implement a civil service system in effect when the county adopted its charter. The charter counties act provides that the county may not preclude future modification of the county civil service system. It would be inconsistent with those provisions and the purposes of the act to hold that a charter county may not modify its county civil service system. Therefore, a charter county may modify its civil service system.

2. The county charter exempted from the civil service system positions which are determined by ordinance to be managerial. A county ordinance provided that the disputed positions are

REFERENCES

Am Jur 2d, Civil Service § 9; Labor and Labor Relations §§ 1759-1763; Statutes §§ 142 *et seq.*

managerial. When a statute or ordinance expressly provides definitions of its terms, those definitions are binding on the courts. Therefore, there was no issue of fact regarding whether the positions were managerial.

3. Legal issues pertaining to the construction of statutes dealing with civil service are not particularly within the scope of the expertise of the Employment Relations Commission and are more properly brought before the circuit court. Therefore, the court did not err in holding that it and not the Employment Relations Commission had jurisdiction to decide the cases.

4. Plaintiffs properly brought the actions individually.

Affirmed.

MURPHY, J., dissented. He believed that the charter counties act restricted the defendants' power to modify the civil service system to infringe upon plaintiffs' rights and status under the system. He would reverse.

1. COUNTIES — CHARTER COUNTIES ACT — CIVIL SERVICE — MODIFICATION OF CIVIL SERVICE SYSTEM.

The charter counties act grants a charter county the authority to modify a civil service system in effect at the time the charter was adopted (MCL 45.514[1][f]; MSA 5.302[14][1][f]).

2. STATUTES — JUDICIAL CONSTRUCTION — DEFINITIONS.

When a statute or ordinance expressly provides definitions of its terms, those definitions are binding on the courts.

3. LABOR RELATIONS — JURISDICTION — VENUE — STATUTORY CONSTRUCTION.

Legal issues pertaining to the construction of statutes dealing with civil service are not particularly within the scope of the expertise of the Employment Relations Commission and are more properly brought before the circuit court.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *George H. Kruszewski*), for plaintiffs.

*Riley & Roumell, P.C.* (by *George T. Roumell* and *Andrea Roumell Dickson*), for defendant.

Before: GILLIS, P.J., and MURPHY and H. R. GAGE,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

H. R. GAGE, J. Plaintiffs, assistant Wayne County prosecutors and assistant Wayne County corporation counsel, filed suit in separate actions alleging that they were deprived of the opportunity to compete for three attorney positions which were filled by direct appointment rather than by civil service eligibility lists. After consolidation in the circuit court, both sides moved for summary disposition pursuant to MCR 2.116(C)(10). The circuit court held that the county civil service system had been lawfully modified by the county charter and county ordinances, thus removing the disputed positions from the classified civil service system. Therefore, the circuit court held that the direct appointments were valid. Plaintiffs appeal these rulings as of right. The circuit court also held that the public employee relations act, MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.*, does not preempt the action or establish the Michigan Employment Relations Commission as the proper forum for the action. The court also held that plaintiffs could maintain the action in their individual capacities rather than through their union. Defendants cross-appeal these rulings.

Plaintiffs first argue that a county has no authority to modify its civil service system and that only the Legislature has such authority. Plaintiffs rely on MCL 45.514(1)(f); MSA 5.302(14)(1)(f), which provides:

> (1) A county charter adopted under this act shall provide for all of the following:
>
> * * *
>
> (f) The continuation and implementation of a system of civil service in those counties having a system at the time of the adoption of the charter. The system of civil service provided under the charter shall recognize the rights and status of

persons under the civil service system then in
effect. The charter shall not infringe upon nor be
in derogation of those rights and that status. The
charter shall not preclude future modification of
the system. Except as provided in subdivision (d),
the charter shall provide that the system of civil
service be coordinated among the county offices,
boards, commissions, and departments.

This subsection clearly provides that a chartered
county which has a civil service system at the time
it adopts its charter must continue and implement
a civil service system. Therefore, defendants would
be required to continue to implement a civil ser-
vice system.

The above statutory provision does not clearly
state whether such a county must continue pre-
cisely the same system or whether the county is
free to modify its civil service system as its needs
require. It would seem illogical for the statute to
prohibit the charter from precluding future modifi-
cation of the civil service system, as the above
statute clearly does, and yet hold that future
modification is also prohibited. It would also seem
illogical to give a chartered county without a civil
service system the power to adopt a civil service
system of its choosing under MCL 45.515(g); MSA
5.302(15)(g) but deny a chartered county the power
to amend its civil service system as its needs
change. Clearly, one purpose of the charter coun-
ties act, MCL 45.501 *et seq.*; MSA 5.302(1) *et seq.*,
was to give charter counties some degree of auton-
omy over county affairs. Construing and interpret-
ing the statute as a whole to best achieve its
intended purpose, we conclude that a charter
county may modify its county civil service system.
*Latham v Wedeking,* 162 Mich App 9, 12; 412
NW2d 225 (1987); *Norcross Co v Turner-Fisher*

*Associates,* 165 Mich App 170, 178; 418 NW2d 424 (1987).

Plaintiffs concede that, if defendants had the authority to modify the county civil service system, then the modifications were properly accomplished by charter and ordinance. We would observe further that the positions were not removed from the classified civil service system until they had become vacant. The modifications did not infringe upon the rights and status of any classified employees holding those positions, nor did the modifications violate MCL 45.514(1)(f); MSA 5.302(14)(1)(f) in any other respect.

Plaintiffs next argue that summary disposition was improperly granted because a question of fact existed regarding whether the disputed positions were managerial. The county charter in question provides in part:

> The classified service includes all employees of the County except:
>
> * * *
>
> 5) Managerial or confidential positions as prescribed by ordinance [.]

When a statute or ordinance expressly provides definitions of its terms, those definitions are binding on the courts. *W S Butterfield Theatres, Inc v Dep't of Revenue,* 353 Mich 345, 350; 91 NW2d 269 (1958); *In re Jones Estate,* 52 Mich App 628, 636; 218 NW2d 89 (1974), lv den 392 Mich 770 (1974). The charter provides that whether a position is managerial or confidential is a matter to be determined by reference to the county ordinances. Since Wayne County Ordinance 83-248 clearly provides that the disputed positions are managerial, the circuit court did not err in finding this issue to be an issue of law rather than an issue of disputed

fact. Affidavits of fact pertaining to the responsibilities of the persons holding these positions would have had no bearing on whether these positions were defined by ordinance to be managerial.

Defendants argue on cross-appeal that PERA grants exclusive jurisdiction to MERC to hear the issues raised by plaintiffs in the circuit court. MERC does have exclusive jurisdiction over all unfair labor practices committed by public employers. *Detroit Bd of Ed v Parks,* 417 Mich 268, 283; 335 NW2d 641 (1983). However, in this case plaintiffs did not seek a determination of whether defendants engaged in an unfair labor practice. Rather, plaintiffs sought a determination of whether defendants' modification of the county civil service system violated specific provisions of the charter counties act and the county civil service act, to-wit; MCL 45.514(1)(f); MSA 5.302(14)(1)(f) and MCL 38.415; MSA 5.1191(15). Legal issues pertaining to the construction of statutes are not particularly within the scope of the expertise of MERC, but are more properly brought before the circuit court. *Smigel v Southgate Community School Dist,* 388 Mich 531, 538-539 (opinion of Chief Justice T. M. KAVANAGH), 543-544 (opinion of Justice WILLIAMS), and 558 (opinion of Justice SWAINSON); 202 NW2d 305 (1972); *Viera v Saginaw Bd of Ed,* 91 Mich App 555, 564-565; 283 NW2d 796 (1979), lv den 408 Mich 922 (1980) (dissenting opinion of Judge BAGULEY). The circuit court did not err in holding that it and not MERC had jurisdiction to hear and decide these cases.

Defendants also contend that plaintiffs were attempting to negotiate new conditions of their employment by bringing this litigation. Therefore, defendants argue, pursuant to MCL 423.211; MSA 17.455(11), this is a matter which plaintiffs cannot assert individually but which must be brought by

their union. We find this argument to be meritless. First, plaintiffs' collective bargaining agreements do not declare these positions to be part of the unclassified civil service. By taking the contrary view plaintiffs would not be violating the statute. Second, plaintiffs contend that when their actions arose their prior collective bargaining agreements were expired. Defendants have presented no evidence to the contrary. Therefore, this Court must accept as true the position of plaintiffs. *Morganroth v Whitall,* 161 Mich App 785, 788-789; 411 NW2d 859 (1987). Finally, defendants have cited no authority for their position that only a union may maintain a suit to protect an employment right of one of its members. A statement of position without citation to authority is insufficient to bring an issue before this Court. *Harrison v Grand Trunk W R Co,* 162 Mich App 464, 470; 413 NW2d 429 (1987).

Affirmed.

GILLIS, P.J., concurred.

MURPHY, J. *(dissenting).* I respectfully dissent. I believe that MCL 45.514(1)(f); MSA 5.302(14)(1)(f) of the charter counties act restricted defendants' power to make the modifications which I believe clearly infringed on plaintiffs' rights and status under the civil service system. This Court in *Gray v Wayne Co,* 148 Mich App 247, 253; 384 NW2d 141 (1986), lv den 426 Mich 872 (1986), declared that a charter county's freedom to adopt procedures remains limited by, and subject to, legislative enactments. Simply, I agree with plaintiffs' contention that it would make little sense for the Legislature in the first three sentences of subsection (f) to require a charter county to maintain an existing civil service system, honor and recognize

the rights and status of persons under that exist-
ing system and not infringe or derogate the rights
of persons under the existing system, and then in
the next sentence grant the county full power to
modify the system in the future, even to the
extent of abolishing the system. I would reverse.