EDINGTON v GRAND TRUNK WESTERN RAILROAD COMPANY

Docket No. 93690. Submitted October 8, 1987, at Lansing. Decided
December 9, 1987. Leave to appeal applied for.

William and Patricia Edington, as copersonal representatives of
the estate of Pamela Edington, deceased, brought a wrongful
death action in Shiawassee Circuit Court against Grand Trunk
Western Railroad Company, the Shiawassee County Road Com-
mission and others. Plaintiffs alleged, inter alia, that defen-
dants were negligent in "failing to request, install and main-
tain devices adequate to warn motorists of an approaching
train" at a railroad crossing which was the site of an accident
involving the decedent's automobile and a train. The trial
court, Gerald D. Lostracco, J., granted partial summary disposi-
tion in favor of defendant road commission, ruling that the
road commission is statutorily immune from liability in an
action for negligence for its failure to erect stop or yield signs
at railroad crossings only when a public authority other than
Shiawassee County can order the erection of warning devices or
signs, and not when Shiawassee County is the public authority
charged with the responsibility of determining the need for
signs. Defendant road commission appealed by leave granted.

The Court of Appeals *held:*

MCL 257.668; MSA 9.2368 clearly and unambiguously pro-
vides that the erection of or failure to erect, replace, or main-
tain a stop or yield sign or other railroad warning device,
unless such devices or signs were ordered by public authority,
shall not be a basis for an action of negligence against the
Department of Transportation, county road commissions, the
railroads, or local authorities. Defendant road commission, as
the public authority with jurisdiction over the railroad crossing

REFERENCES

Am Jur 2d, Railroads §§ 361-369.

Railroad's liability for injury or damage from collision of road
vehicle with train or car at place other than crossing. 44 ALR2d
680.

Liability of railroad for injury due to road vehicle running into
train or car standing on highway crossing. 84 ALR2d 813 § 1.

in this case, is insulated from liability for not erecting signs or warning devices.

Reversed.

1. STATUTES — JUDICIAL CONSTRUCTION.

Judicial interpretation to vary the plain meaning of a statute is precluded where statutory language is clear and unambiguous; the Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written.

2. HIGHWAYS — RAILROAD CROSSINGS — SIGNS AND WARNING DEVICES — NEGLIGENCE.

A county road commission having jurisdiction over a railroad crossing and discretion over whether to erect stop or yield signs at the crossing is statutorily immune from liability in a negligence action for the county road commission's failure to erect warning devices or signs brought by a motorist injured in a collision at the crossing involving his automobile and a train (MCL 257.668; MSA 9.2368).

*Dean, Dean, Segar, Hart & Shulman, P.C.* (by *Leonard B. Shulman*), for plaintiffs.

*Richard A. Shulaw, P.C.* (by *Timothy D. Reeves*), for Shiawasee County Road Commission.

Before: J. B. SULLIVAN, P.J., and HOOD and M. E. CLEMENTS,* JJ.

PER CURIAM. The Shiawassee County Road Commission appeals by leave granted from a circuit court order granting it partial summary disposition.

This wrongful death action arises from an automobile-train collision on December 18, 1982, which occurred at a railroad crossing located on a local county road under the exclusive jurisdiction and control of Shiawassee County. There were no warning devices such as flashers or gates to warn of an oncoming train; instead, the crossing was marked only by railroad crossbucks and an ad-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

vance warning disc located about 375 feet from the crossing. The parties agree that the Shiawassee County Road Commission had exclusive jurisdiction over stop and yield signs at the crossing but none had been ordered or installed. Likewise, there were no outstanding orders from any public authority to install any type of active warning device.

Plaintiffs' complaint alleges in pertinent part that the defendant railroads and the road commission were negligent in:

> 7B. Failing to request, install and maintain devices adequate to warn motorists of an approaching train.[1]
>
> * * *
>
> 7G. Failing to grade, mark, maintain or repair the roadway so as to place it in a condition reasonably safe and convenient for public travel.[2]

The railroads and road commission moved for partial summary disposition based on MCL 257.668; MSA 9.2368. The trial court granted the motion as to the railroads and issued a written order holding that

> [t]o the extent that Plaintiffs' paragraph 7B is in contravention of the provisions of MCL 257.668(2); MSA 9.2368(2), Plaintiff has failed to state a claim on which relief can be granted. With reference to that claim, Defendants' Motion for Partial Summary Disposition is granted.

[1] At the motion hearing plaintiffs' attorney explained that this paragraph referred only to active warning devices such as bells, whistles, gates, etc., and did not encompass passive devices such as stop or yield signs.

[2] Similarly, counsel clarified that this allegation included stop signs. Plaintiffs' claim is that the road commission violated its general statutory duty to maintain the roads in a safe condition by failing to inspect, determine the need for and order the erection of a stop sign.

The road commission then filed a proposed order to which plaintiffs objected. Following further arguments on the matter, the court entered an order granting partial summary disposition in favor of the road commission with respect to the allegations against defendant which are barred by § 668(2); in particular, the allegations in paragraph 7B of plaintiffs' complaint. The court further held in its bench opinion that the statute did not protect the road commission from suit for failure to order stop or yield signs at crossings where it was the authority charged with the responsibility of determining the need for such signs. Rather, the road commission was protected against claims where some other agency was the "public authority" who could order the erection of active warning devices or signs. Thus, the road commission could be held liable for failure to order or erect stop or yield signs at the railroad crossing.

We now turn to the applicable statute and place emphasis on the language giving rise to the instant dispute. MCL 257.668; MSA 9.2368 provides:

> Sec. 668. (1) The state transportation department with respect to highways under its jurisdiction, the county road commissions, and local authorities with reference to highways under their jurisdiction, may designate certain grade crossings of railways by highways as "stop" crossings, and erect signs at the crossings notifying drivers of vehicles upon the highway to come to a complete stop before crossing the railway tracks. When a crossing is so designated and signposted, the driver of a vehicle shall stop not more than 50 feet but not less than 10 feet from the railway tracks. The driver shall then traverse the crossing when it may be done in safety.
>
> (2) The state transportation department with respect to highways under its jurisdiction, the county road commissions, and local authorities with reference to highways under their jurisdic-

tion, may designate certain grade crossings of railways by highways as yield crossings, and erect signs at the crossings notifying drivers of vehicles upon the highway to yield. Yield signs may be mounted on the same post as is the crossbuck sign. Drivers of vehicles approaching a yield sign at the grade crossing of a railway shall maintain a reasonable speed based upon existing conditions and shall yield the right-of-way. The cost of yield sign installations shall be borne equally by the railroad and the governmental authority under whose jurisdiction the highway rests. *The erection of or failure to erect, replace, or maintain a stop or yield sign or other railroad warning device, unless such devices or signs were ordered by public authority, shall not be a basis for an action of negligence against the state transportation department, county road commissions, the railroads, or local authorities.*

(3) A person who fails to stop or yield as required by this section is responsible for a civil infraction.

In reviewing the statute's legislative history, we note that originally the statute authorized the state highway commissioner to erect "stop" signs. 1949 PA 300. In 1953, the statute was amended to extend this authority to the county road commissions and local authorities with respect to roads under their jurisdiction. 1953 PA 76.

The 1961 amendment added the clause, "[t]he erection of or failure to replace or maintain such signs shall not be a basis for any action of negligence against the state highway commissioner, the several county road commissions or local authorities." 1961 PA 179.

Finally, the statute was again amended in 1980 to include the current language. 1980 PA 101.

Essentially, plaintiffs maintain, and the trial court agreed, that the statute is intended to protect the county from a failure to act where the "public authority" is the state, a railroad, town-

ship or a city.[3] Defendant, on the other hand, construes the words "public authority" to mean any public authority, including itself. We find that the trial court erred in interpreting the statute and, accordingly, should have granted summary disposition to the road commission with respect to claims arising from the failure to order and erect stop and yield signs.

Although we find plaintiffs' argument appealing, we are constrained to follow the basic rules of statutory construction. If a statute is clear and unambiguous on its face, judicial interpretation to vary the plain meaning of the statute is precluded; the Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written. *Nerat v Swacker,* 150 Mich App 61, 64; 388 NW2d 305 (1986); lv den 426 Mich 857 (1986); *Todd v Textron, Inc,* 140 Mich App 412, 419; 364 NW2d 718 (1985), lv den 423 Mich 852 (1985); *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983). Sections (1), (2) and (3) when read together are clear and unambiguous. Section 1 authorizes the appropriate authority to erect stop signs. Similarly, § 2 permits the appropriate public authority to erect yield signs at crossings and provides that the expense be borne equally by the railroad and respective governmental authority. This section also expressly precludes liability against the road commission for the erection of or failure to erect a stop or yield sign or other railroad warning device, unless such devices or signs were ordered by public authority. We find

[3] For example, only the Michigan Department of Transportation can order the active warning devices to be installed. If the road commission failed to install one following an appropriate order, it would not be insulated from liability pursuant to the statute. Similarly, the passive devices of crossbucks and advance warning signs can only be authorized by the Michigan Department of Transportation.

the language to be clear and unambiguous and therefore conclude that the trial court erred. Accordingly, we reverse.[4]

Reversed.

---

[4] We are mindful that as a result of our decision the road commission is insulated from liability for not erecting stop or yield signs even though the initial decision was within its sole discretion. We believe, however, that the decision to adopt plaintiffs' argument does not lie with the judiciary, rather it is properly left to the Legislature.