TERHAAR v HOEKWATER

Docket No. 110965. Submitted January 11, 1990, at Grand Rapids. Decided March 20, 1990.

Rita Terhaar brought a malpractice claim in Kent Circuit Court against James C. Hoekwater, D.D.S. Plaintiff in part alleged that numbness in her jaw had resulted from a wisdom tooth extraction performed by defendant and that defendant had been negligent because he failed to examine, evaluate, treat and advise her as any reasonably careful and prudent dentist would have done in the same situation. After the completion of discovery and mediation which resulted in an award in plaintiff's favor, plaintiff moved to amend her complaint to specifically plead lack of informed consent. The court, R. Stuart Hoffius, J., denied the motion. At trial, the jury returned a verdict of no cause of action. The court entered a judgment consistent with the verdict. Plaintiff appealed from the judgment.

The Court of Appeals *held:*

1. The trial court abused its discretion in denying the motion to amend the complaint. The original complaint gave defendant sufficient notice of the theory of lack of informed consent, and no prejudice to defendant would have resulted from the amendment.

2. Plaintiff's other claims on appeal are without merit.

Reversed in part and remanded for further proceedings only as to the issue of informed consent.

1. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

A motion to amend pleadings ordinarily should be granted, and denied only for particularized reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

REFERENCES

Am Jur 2d, Pleading §§ 309-312, 314, 315, 322, 323.

See the Index to Annotations under Amendment of Pleadings; Dentists and Dentistry; Malpractice by Medical or Health Professions.

the amendment, and futility of amendment; the leave sought should, as the rule requires, be freely given (MCR 2.118[A]).

2. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.
    The discretion confided to trial judges under the court rule standard that leave to amend pleadings shall be freely given when justice so requires is not boundless; this language imposes a limitation on the discretion of the court necessitating a . finding that justice would not be served by the amendment (MCR 2.118[A]).

3. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.
    A trial judge abuses the discretion confided to him under the court rule standard that leave to amend pleadings shall be freely given when justice so requires when he utilizes it to obviate a recognized claim or defense (MCR 2.118[A]).

4. PLEADING — AMENDMENT OF PLEADINGS — APPEAL — COURT RULES.
    A trial court, in denying a motion to amend a pleading, must specify a particularized reason for its denial; failure to do so constitutes error requiring a reversal unless the amendment would be futile (MCR 2.118[A]).

5. PLEADING — AMENDMENT OF PLEADINGS — DELAY — COURT RULES.
    Mere delay by a moving party in offering an amendment to its pleading, in the absence of a showing of prejudice resulting from such delay, is an insufficient ground for denial of a motion to amend a pleading (MCR 2.118[A]).

*Tolley, Fisher & Verwys, P.C.* (by *Mark H. Verwys* and *David L. Harrison*), for plaintiff.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for defendant.

Before: MURPHY, P.J., and HOOD and NEFF, JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment based on a jury verdict of no cause of action entered against her by the circuit court in this dental malpractice case.

I

Plaintiff brought suit against defendant alleging

that he was negligent during a wisdom tooth extraction which allegedly resulted in paresthesia, or numbness, to her jaw. The theories of malpractice pled against defendant are contained in paragraph seven of plaintiff's complaint, which states in pertinent part:

> On November 6, 1984, Defendant breached his duty to Plaintiff and was guilty of one or more of the following careless, negligent, and improper acts and/or omissions:
>
> *   *   *
>
> (f) Failure to examine, evaluate, treat and advise Plaintiff as any reasonably careful and prudent dentist in the same situation.

During the course of discovery, both parties investigated the possible complications of the procedure performed by defendant on plaintiff as well as whether defendant had advised plaintiff of these possible complications prior to the extraction.

Throughout discovery, plaintiff never amended her expert interrogatories to explain the exact theories of malpractice to which her expert would testify, nor did plaintiff amend her complaint to specifically plead lack of informed consent. Discovery closed on December 9, 1987.

On December 21, 1987, the parties were notified that trial was to commence on April 4, 1988. Mediation summaries were thereafter filed by defendant and plaintiff. In her mediation summary, plaintiff indicated that she would pursue a theory of lack of informed consent. Mediation took place on January 7, 1988, and plaintiff relied in part on the theory of lack of informed consent. An award was entered in plaintiff's favor on February 5, 1988.

On January 13, 1988, plaintiff moved to amend

her complaint and sought to formalize her lack of informed consent theory. The trial court denied plaintiff's motion. Plaintiff thereafter filed a motion for reconsideration, which the court also denied.

Following a jury trial, the jury returned a verdict of no cause of action against defendant. Plaintiff now appeals as of right. We reverse and remand solely on the issue of informed consent.

## II

Plaintiff argues that the trial court abused its discretion in denying her motion to amend her complaint to add a specific allegation regarding lack of informed consent because the allegation in her original complaint gave defendant sufficient notice of that theory and no prejudice would have resulted. We agree.

In *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973), our Supreme Court set forth the policy for amendment of pleadings. The Court stated:

> Our rule [GCR 1963, 118.1, now MCR 2.118(A)], as the Federal rule, is "designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v Hougham,* 364 US 310, 316; 81 S Ct 13, 18; 5 L Ed 2d 8, 14 (1960). A motion to amend ordinarily should be granted, and denied only for particularized reasons:
>
> "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Foman v Davis,*

371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222, 226 (1962). [*Fyke, supra,* p 656.]

The Court continued:

To safeguard and implement the policy favoring amendment, this Court has directed that upon denial of a motion to amend "such exercise of discretion should be supported by specific findings as to *reasons* for the same." *LaBar v Cooper* [376 Mich 401, 409; 137 NW2d 136 (1965)]. (Emphasis supplied.)

\* \* \*

The discretion confided to trial judges under the standard, "leave shall be freely given when justice so requires," is not boundless. In *Burg v B & B Enterprises,* 2 Mich App 496, 500; 140 NW2d 788 (1966), Judge (now Justice) T. G. KAVANAGH wrote, "[W]e believe that [this] language . . . imposes a limitation on the discretion of the court necessitating a finding that justice would not be served by the amendment."

While admittedly the parameters of the judge's discretion are incapable of being precisely delineated, a judge abuses this discretion when he utilizes it to obviate a recognized claim or defense. [*Fyke, supra,* pp 656-659.]

A court must specify one of the *Fyke* reasons in its denial, and a failure to do so constitutes error requiring a reversal unless such amendment would be futile. *Cummings v Detroit,* 151 Mich App 347, 352; 390 NW2d 666 (1986), lv den 426 Mich 851 (1986); *Ray v Taft,* 125 Mich App 314, 324; 336 NW2d 469 (1983).

In denying plaintiff's motion, the trial court noted that, on June 10, 1987, counsel had signed a statement that the pleadings were satisfactory on both sides, and that, because the motion came after mediation, it was not timely made and would

be denied. At a subsequent hearing on the issue of informed consent held on the morning of trial, the court elaborated briefly its basis for denial, stating that the complaint did not put defendant on notice of the theory of informed consent and that the amendment would have required reopening the case on a different issue after discovery had been completed.

On the record before us, we find that the trial court abused its discretion in denying plaintiff's motion to amend her complaint. First, the trial court failed to find that justice would not be served by the amendment. Second, the court's ruling obviated a recognized claim in the absence of actual prejudice to defendant.

The trial court's denial of plaintiff's motion was based essentially on undue delay. Mere delay is an insufficient ground for denial; the delay must be prejudicial. *Fyke, supra,* pp 663-664.

> "Prejudice" refers to matter which would prevent a party from having a fair trial, or matter which he could not properly contest, e.g. when surprised. *It does not refer to the effect on the result of the trial otherwise.* [*Fyke, supra,* p 657. Emphasis in original.]

In its decision on the day of trial, the trial court implied that allowing the amendment would prejudice defendant because it would require reopening of discovery on a different theory than that alleged in the original complaint. This was error. Defendant would not have been prejudiced by the amendment because he had notice of the generalized allegation of inadequate advice in paragraph seven, subsection (f) of plaintiff's original complaint. Moreover, during the course of discovery, the issue of informed consent under this generalized allegation was investigated and pursued.

We therefore reverse in part the judgment of no cause of action, and we reverse the trial court's order denying plaintiff's motion to amend her complaint. We remand this case to the trial court for further proceedings only as to the issue of informed consent.

### III

Plaintiff's argument that the trial court abused its discretion in denying her motion to reopen proofs at trial on the issue of informed consent because defense counsel injected that issue into evidence is without merit. In none of the instances cited by plaintiff did defense counsel improperly inject the issue of informed consent into the trial.

### IV

Plaintiff also argues that the trial court abused its discretion in allowing evidence regarding plaintiff's mental health records in violation of its own order in limine. We disagree.

The trial court did not abuse its discretion in allowing defense counsel to introduce evidence regarding plaintiff's place of referral and by making references to the existence of Pine Rest records because plaintiff's counsel first introduced that testimony at trial. *Bufford v Brent,* 115 Mich App 146, 149; 320 NW2d 323 (1982), lv den 417 Mich 881 (1983). Moreover, plaintiff was not prejudiced by the reference to Pine Rest.

### V

Reversed in part and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.