BAUGHMAN v CONSOLIDATED RAIL CORPORATION

Docket No. 113816. Submitted February 14, 1990, at Lansing. Decided
    April 25, 1990.

Santa Ramirez was killed when the automobile in which she was
    a passenger was struck by a train at a railroad crossing
    maintained and controlled by Consolidated Rail Corporation.
    Michael J. Baughman, as personal representative of the estate
    of Santa Ramirez, brought a negligence action for damages in
    Jackson Circuit Court against Consolidated Rail, basing his
    claims upon the failure of defendant to maintain adequate
    warning devices at the crossing. Defendant brought a third-
    party action against Jose V. Ramirez, driver of the automobile
    at the time of the accident. Plaintiff proposed to present at trial
    files compiled by the Michigan Department of Transportation
    relating to the crossing in question in order to establish the
    need for crossing gates at that crossing. Defendant moved to
    exclude those files from evidence. The trial court, Russell E.
    Noble, J., granted defendant's motion. Prior to trial, the parties
    stipulated to an order of dismissal because plaintiff, without the
    files of the Department of Transportation, would be unable to
    prove his case. Plaintiff appealed.

    The Court of Appeals *held:*

    1. Since by statute the failure to erect or maintain a warning
    device shall not be the basis for a negligence action against a
    railroad unless such device was ordered by a public authority,
    and since no such order was made here prior to the accident,
    the railroad had no duty to install the crossing gates which
    plaintiff alleged should have been installed. Since the sole
    purpose of the proposed evidence was to support the claim
    which is statutorily barred, the trial court properly refused to
    permit the use of those files.

    2. While the trial court should have held that the result of
    the blood alcohol testing of Jose Ramirez was inadmissible at
    trial, the error in that ruling has no effect on plaintiff's inabil-
    ity to prove his claim against defendant.

    Affirmed.

REFERENCES

Am Jur 2d, Railroads §§ 508, 509.
See the Index to Annotations under Railroads; Warnings.

RAILROADS — RAILROAD CROSSINGS — SIGNS AND WARNING DEVICES —
    NEGLIGENCE — ACTIONS.

> The failure to erect, replace or maintain a stop or yield sign or
> other railroad warning device, by statute, may not form the
> basis for an action for negligence against a railroad unless such
> a device or sign was ordered by a public authority (MCL
> 257.668[2]; MSA 9.2368[2]).

*Best, Schmucker, Heyns & Klaeren, P.C.* (by
*Michael J. Klaeren* and *Chad C. Schmucker*), for
plaintiff.

*Driggers, Schultz, Herbst & Paterson* (by *Gene S.
Davis* and *Thomas A. Malone*), for defendant.

Before: MICHAEL J. KELLY, P.J., and WAHLS and
SAWYER, JJ.

PER CURIAM. Plaintiff appeals from evidentiary
rulings by the circuit court excluding the contents
of files compiled by the Michigan Department of
Transportation.

Plaintiff's decedent was killed when the car in
which she was a passenger was struck by a train
coming through a railway crossing maintained and
controlled by defendant, Consolidated Rail Corpo-
ration. Plaintiff sued defendant for negligence,
basing his claims upon the company's failure to
maintain adequate warning devices or gates at the
crossing to prevent accidents. In support of these
claims, plaintiff attempted to offer into evidence
Department of Transportation files regarding the
crossing in order to establish a need for gates.
Defendant moved to exclude the files from evi-
dence, which the trial court granted, stating:

> Well my impression is that the law and appar-
> ently administrative law has pretty much taken
> over this area with respect to what is reasonable
> or unreasonable or should be done with respect to
> railroad crossings. And if the government and the

railroad complies with those recommendations or the orders with respect to that that there is very little room for common law negligence. So unless there is something else that comes out during the course of the trial about those reports and so on those would not be admitted.

Prior to trial, plaintiff stipulated to an order of dismissal on the ground that, given the court's evidentiary rulings, plaintiff had no viable case against defendant Conrail. The court entered an order dismissing plaintiff's claims with prejudice.

On appeal, plaintiff argues that the circuit court erred in ruling that the contents of the files were not admissible. We disagree.

Plaintiff attempted to present the contents of the files to prove that defendants' railroad crossing required warning signals and gates and that defendant was negligent in failing to install these devices. MCL 257.668(2); MSA 9.2368(2) provides in relevant part:

> The erection of or failure to erect, replace, or maintain a stop or yield sign or other railroad warning device, unless such devices or signs were ordered by public authority, shall not be a basis for an action of negligence against the state transportation department, county road commissions, the railroads, or local authorities.

The terms of this statute are clear and unambiguous and preclude liability for failure to install warning devices unless so ordered by a public authority. *Edington v Grand Trunk W R Co,* 165 Mich App 163, 168-169; 418 NW2d 415 (1987), lv den 430 Mich 900 (1988). There was no order to install gates at the crossing in question prior to the accident, thus defendant cannot be held liable

for negligence in failing to install gates or other warning devices. Plaintiff may not use the Department of Transportation files to prove a theory of liability which is barred by the statute. The court properly excluded the files from evidence.

Plaintiff also argues that the court erred in holding that evidence of the blood alcohol content of the car's driver, third-party defendant Jose Ramirez, was admissible at trial. We agree. The test results in question were obtained pursuant to the implied consent statute and, therefore, cannot be used in civil litigation. *McNitt v Citco Drilling Co,* 397 Mich 384, 388; 245 NW2d 18 (1976). Nevertheless, this error does not require reversal as it has no effect on plaintiff's inability to prove his claim against defendant Consolidated Rail Corporation.

Affirmed.