TURNER v CSX TRANSPORTATION, INC TURNER v
DEPARTMENT OF TRANSPORTATION

Docket Nos. 138138, 141583. Submitted January 6, 1993, at Grand
Rapids. Decided February 16, 1993, at 9:30 A.M.

Robert A. Turner, as personal representative of the estate of
James R. Turner, deceased, brought a wrongful death action in
the Saginaw Circuit Court against CSX Transportation, Inc.,
and a similar action in the Court of Claims against the Depart-
ment of Transportation, following the decedent's death in a
collision involving his car and a CSX locomotive at a railroad
crossing. The plaintiff alleged that the defendants were negli-
gent in failing to install additional and more advanced warning
devices at the crossing. Judge Leopold P. Borrello, presiding in
both courts, granted summary disposition for the defendants.
The plaintiff appealed.

The Court of Appeals *held:*

1. Pursuant to MCL 257.668(2); MSA 9.2368(2), the failure to
erect a railroad warning device cannot be a basis for a negli-
gence action against the Department of Transportation, a
county road commission, a railroad, or a local authority unless
the device was ordered by a public authority. In this case,
summary disposition was properly granted for the defendants
because the public authority that had jurisdiction of the cross-
ing had not ordered the installation of additional warning
devices.

2. Contrary to the plaintiff's claim, and notwithstanding the
decision in *Harrison v Grand Trunk W R Co,* 162 Mich App 464
(1987), a railroad does not have a common-law duty to petition
the appropriate governmental entity for authority to install
warning devices at railroad crossings.

Affirmed.

RAILROADS — CROSSINGS — WARNING DEVICES — NEGLIGENCE.

Neither a railroad nor the Department of Transportation is liable
for negligence in failing to erect a railroad warning device at a

REFERENCES

Am Jur 2d, Railroads §§ 508, 509.
See ALR Index under Railroads.

crossing unless the device has been ordered by the public authority that has jurisdiction of the roadway; a railroad has no common-law duty to petition the appropriate governmental entity for authority to install warning devices at railroad crossings (MCL 257.668[2]; MSA 9.2368[2]).

*Stephen A. Seman,* for Robert A. Turner.

*Smith & Brooker, P.C.* (by *A.T. Lippert, Jr.,* and *Gary R. Campbell*), for CSX Transportation, Inc.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Brenda E. Turner, Vincent J. Leone,* and *Patrick J. O'Brien,* Assistant Attorneys General, for Department of Transportation.

Before: SAWYER, P.J., and HOOD and JANSEN, JJ.

PER CURIAM. Plaintiff, Robert A. Turner, as personal representative of the estate of James R. Turner, deceased, appeals from orders of the circuit court and the Court of Claims granting summary disposition in favor of defendants, CSX Transportation, Inc., and the Department of Transportation (MDOT), on plaintiff's claims arising from an automobile-train accident. We affirm.

Plaintiff's decedent was killed when he drove his automobile into the side of a CSX locomotive engine. Witnesses of the accident stated that plaintiff's decedent attempted to beat the train across the railroad crossing. Witnesses also stated that the train whistle could be heard before the accident and that the railroad warning lights were engaged and flashing.

Plaintiff filed an action in the Saginaw Circuit Court against CSX, alleging that CSX was negligent in failing to properly warn motorists approaching the crossing. Specifically, plaintiff alleged that CSX failed to install necessary additional warning

lights and failed to petition the MDOT for authority to install those additional warning lights. Plaintiff also filed an action in the Court of Claims against the MDOT, alleging that the MDOT was negligent in the maintenance and regulation of the crossing, particularly in failing to require the erection of additional and more advanced warning devices. Judge Leopold P. Borrello, presiding in both courts, granted summary disposition in favor of defendants.

Plaintiff first claims error in the granting of summary disposition in favor of CSX with regard to the theory that CSX was negligent in failing to install all the necessary warning devices. We disagree.

MCL 257.668(2); MSA 9.2368(2) provides in pertinent part as follows:

> The erection of or failure to erect, replace, or maintain a stop or yield sign or other railroad warning device, unless such devices or signs were ordered by public authority, shall not be a basis for an action of negligence against the state transportation department, county road commissions, the railroads, or local authorities.

In the case at bar, there was no order by a public authority directing that additional warning devices or signals be installed. Thus, CSX cannot, under the clear and unambiguous language of the statute, be held liable for the failure to erect additional warning devices or signals. *Baughman v Consolidated Rail Corp,* 185 Mich App 78, 80; 460 NW2d 895 (1990).

Plaintiff also argues that CSX may be liable because it had a common-law duty to petition the proper government entity for the authority to install additional warning devices. The case cited by plaintiff, *Harrison v Grand Trunk W R Co,* 162 Mich App 464, 468; 413 NW2d 429 (1987), does stand for that proposition. However, we are per-

suaded that *Harrison* was incorrectly decided. In our view, in enacting the statute, the Legislature intended that no liability was to be premised upon the absence of warning devices at a railroad crossing absent an order by the proper authority to install devices and a failure to follow that order. Under MCL 257.668; MSA 9.2368, as well as MCL 257.615(a); MSA 9.2315(a), the duty to determine the appropriate warning devices to be installed at railroad crossings lies with the appropriate governmental entity with jurisdiction over the roadway, not with the railroad. With these points in mind, we conclude that a railroad has no duty to petition the appropriate governmental entity for the installation of warning devices at a railroad crossing. See *Kesslering v Chesapeake & O R Co,* 437 F Supp 267, 269 (ED Mich, 1977).

Next, plaintiff claims error in the granting of summary disposition in favor of the MDOT. However, MCL 257.668(2); MSA 9.2368(2) also provides that the Department of Transportation cannot be held liable for the failure to install a warning device at a railroad crossing unless installation of the device had been ordered by the proper public authority. As noted above, no such order existed in the case at bar. Accordingly, the MDOT cannot be held liable. *Edington v Grand Trunk W R Co,* 165 Mich App 163; 418 NW2d 415 (1987).[1]

On the basis of the reasons we stated, we conclude that defendants were entitled to summary disposition.

Affirmed. Defendants may tax costs.

---

[1] We also note that in *Edington* the plaintiffs' complaint also included allegations of negligence against the railroads and the road commission for failing to request the installation of warning devices. While the discussion in *Edington* focused on the failure to erect warning devices, we do find it instructive that, despite the fact that the plaintiffs also included an allegation of the failure to request the installation of a warning device, this Court nevertheless concluded that the defendant road commission was entitled to summary disposition.