LYND v ADAPT, INC

Docket No. 144949. Submitted April 14, 1993, at Grand Rapids. Decided June 22, 1993, at 9:20 A.M.

Betty Lynd brought an action in the Branch Circuit Court against Adapt, Inc., and others, alleging retaliatory discharge from employment in violation of the Whistleblowers' Protection Act, MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.* The court, Michael H. Cherry, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held:*

1. The discharge of an employee who reports or is about to report a violation of law or regulation is prohibited by the Whistleblowers' Protection Act. Summary disposition of the plaintiff's retaliatory discharge claim was improper because a genuine issue of fact existed concerning whether she was discharged because she was about to report improper practices of the defendants to the Department of Social Services.

2. The trial court also abused its discretion in refusing to allow the plaintiff to amend her complaint to allege more specifically that she was discharged because she was about to make a report. Mere delay is an insufficient ground for the denial of a motion to amend a complaint.

Reversed and remanded for further proceedings.

*Theodore P. Hentchel,* for the plaintiff.

*Edward R. DeVito,* for the defendants.

Before: NEFF, P.J., and McDONALD and MURPHY, JJ.

PER CURIAM. Plaintiff appeals as of right from a September 4, 1991, order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10) in this action for retaliatory discharge from employment filed under the Whistleblowers'

Protection Act, MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.* We reverse.

The trial court erred in concluding no genuine issues of material fact existed because plaintiff was discharged before she filed a complaint with the Department of Social Services. The act prohibits the discharge of an employee because the employee reports or is "about to report" a violation of a law or rule. MCL 15.362; MSA 17.428(2). Thus, the fact plaintiff reported the abuse alleged in this case to a "public body" after her discharge is not dispositive. A review of the evidence before the trial court reveals plaintiff made several attempts to remedy what she believed to be improper practices by reporting the alleged abuse to her supervisors and the organization's board of directors. She also contacted her state representative to learn whom she should contact to report the suspected abuse. We believe plaintiff presented sufficient evidence to withstand a motion for summary disposition with regard to the question whether she was discharged because she was "about to report" the suspected abuse, a clear violation of the act. Because a genuine issue of material fact existed, summary disposition was improperly granted. *Prysak v R L Polk Co,* 193 Mich App 1; 483 NW2d 629 (1992).

We also find an abuse of discretion in the trial court's denial of plaintiff's request to amend her complaint to more specifically allege she was discharged because she was about to report the alleged abuse. Mere delay is an insufficient ground for denial of a motion to amend. *Terhaar v Hoekwater,* 182 Mich App 747; 452 NW2d 905 (1990); *Executone Business Systems Corp v IPC Communications, Inc,* 177 Mich App 660; 442 NW2d 755 (1989).

Reversed and remanded for further proceedings. We do not retain jurisdiction.