TAYLOR v LENAWEE COUNTY BOARD OF COUNTY ROAD
COMMISSIONERS

POCS v LENAWEE COUNTY BOARD OF COUNTY ROAD
COMMISSIONERS

SCHIKORA v LENAWEE COUNTY BOARD OF COUNTY ROAD
COMMISSIONERS

Docket Nos. 175455, 175456, 179326. Submitted March 20, 1996, at Detroit.
Decided April 30, 1996, at 9:00 A.M.

Pamela Taylor, as personal representative of the estate of Lisa Taylor;
Sally Pocs, as personal representative of the estate of Kelly Hill;
and John Schikora and Jo An M. Matney, as personal representa-
tives of the estate of Jon Schikora, brought wrongful death actions
in the Lenawee Circuit Court against the Grand Trunk Western Rail-
road Company, the Lenawee County Board of County Road Com-
missioners, and others in connection with the deaths of the dece-
dents in a collision between their automobile and a train at a rail-
road crossing on a road that is under the jurisdiction of the
Lenawee County Board of County Road Commissioners. The plain-
tiffs alleged that the board was liable under the highway exception
to governmental immunity from tort liability for its failure to erect
warning signs or devices at the railroad crossing and for its failure
to request that the Michigan Department of Transportation inspect
the crossing for the need for such signs or devices. The court, Har-
vey A. Koselka, J., struck amended complaints filed by the personal
representatives of the estates of Taylor and Hill, summarily dis-
missed the claims against the board, and awarded the board sanc-
tions against the plaintiffs under MCR 2.114. The plaintiffs
appealed, and their appeals were consolidated.

The Court of Appeals *held:*

1. MCL 257.668(2); MSA 9.2368(2) bars the plaintiffs' causes of
action against the board under the highway exception, MCL
691.1402; MSA 3.996(102). MCL 257.668(2); MSA 9.2368(2) provides
that failure by the Michigan Department of Transportation, county
road commissions, railroads, or local authorities to erect warning
signs or devices at railroad crossings does not give rise to liability
for negligence unless such signs or devices were ordered by public
authority. Here, it is undisputed that the Department of Transporta-

tion had not ordered that warning signs or devices be installed at the railroad crossing. Therefore, the board cannot be held liable in these cases.

2. The trial court did not abuse its discretion in striking the amended complaints filed by the personal representatives of the estates of Taylor and Hill. Those plaintiffs failed to file a motion to amend their complaints or to obtain prior written consent of the defendants. MCR 2.118(A)(2). Also, the count added by each amended complaint merely restated claims already made in the original complaints.

3. The trial court clearly erred in imposing sanctions against the plaintiffs pursuant to MCR 2.114. The plaintiffs argued in good faith that MCL 257.668(2); MSA 9.2368(2) does not bar all claims brought pursuant to the highway exception and that the board had a common-law duty to petition the Department of Transportation for authority to install warning signs or devices.

Affirmed in part, reversed in part, and remanded.

RAILROADS — CROSSINGS — WARNING SIGNS OR DEVICES — COUNTY ROAD COMMISSIONS — GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION.

The failure of a county road commission to erect warning signs or devices at a railroad crossing on a road under its jurisdiction does not give rise to liability for negligence under the highway exception to governmental immunity unless such signs or devices were ordered by public authority; a county road commission does not have an actionable duty to petition the proper governmental entity for authority to install warning signs or devices (MCL 257.668[2], 691.1402; MSA 9.2368[2], 3.996[102]).

*Chambers Steiner* (by *Angela J. Nicita, Courtney E. Morgan, Jr.*, and *John I. Kittel*), for the plaintiffs.

*Highland & Zanetti, P.C.* (by *John N. Highland*), for Lenawee County Board of Road Commissioners.

Before: SMOLENSKI, P.J., and MARKEY and P. J. SULLIVAN,* JJ.

PER CURIAM. In these consolidated cases, the personal representatives of the estates of Lisa Taylor, Kelly Hill, and Jon Schikora appeal as of right from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the trial court orders that summarily dismissed their claims against defendant Lenawee County Board of County Road Commissioners arising out of a fatal train-automobile collision at the railroad crossing on Thompson Road in Lenawee County. The personal representatives of the estates of Lisa Taylor and Kelly Hill also challenge the court's order striking their first amended complaints and awarding sanctions to defendant board of county road commissioners. We affirm the grants of summary disposition and the decision to strike plaintiffs' amended complaints, but reverse the trial court's award of sanctions against plaintiffs.

Although defendant board of county road commissioners' motion for summary disposition was filed pursuant to MCR 2.116(C)(8) and (10), the trial court apparently granted the motion under (C)(10) because it relied on an affidavit stating that the Michigan Department of Transportation (MDOT), before the fatal accident, had not issued an order requiring the installation of flashing lights or stop signs at the railroad crossing in question. In reviewing de novo the trial court's decision, we examine the record, review the documentary evidence, grant the benefit of all reasonable doubts and inferences to plaintiffs, and determine whether a record may be developed on which reasonable minds could differ. *Jackson v Detroit*, 449 Mich 420, 426; 537 NW2d 151 (1995); *Nelson v American Sterilizer Co*, 212 Mich App 589, 594; 538 NW2d 80 (1995). We may not, however, make findings of fact or weigh credibility. *Nelson, supra*. As a general matter, a governmental agency such as defendant board of county road commissioners is immune from tort liability for actions taken while performing gov-

ernmental functions. MCL 691.1407(1); MSA 3.996(107)(1). This immunity is subject to a limited number of narrowly drawn exceptions, including the highway exception contained in MCL 691.1402; MSA 3.996(102). *Jackson, supra* at 427.

The trial court summarily dismissed plaintiffs' claims under MCL 691.1402; MSA 3.996(102), commonly referred to as the defective highway statute, in light of MCL 257.668(2); MSA 9.2368(2). The defective highway statute provides, in pertinent part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his or her property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1); MSA 3.996(102)(1).]

The narrowly drawn highway exception to governmental immunity contained in MCL 691.1402; MSA 3.996(102) must be strictly construed, and no action may be maintained under the exception unless it clearly falls within the scope of the statute. *Schuerman v Dep't of Transportation*, 434 Mich 619, 630; 456 NW2d 66 (1990). MCL 257.668(2); MSA 9.2368(2) regarding the erection of signs at railroad grade crossings provides, in pertinent part:

> The state transportation department with respect to highways under its jurisdiction, the county road commissions, and local authorities with reference to highways under their jurisdiction, may designate certain grade crossings of railways by highways as yield crossings, and erect signs at the

crossings notifying drivers of vehicles upon the highway to yield. . . . The erection of or failure to erect, replace, or maintain a stop or yield sign or other railroad warning device, unless such devices or signs were ordered by public authority, shall not be a basis for an action of negligence against the state transportation department, county road commissions, the railroads, or local authorities.

See, generally, *Turner v CSX Transportation, Inc*, 198 Mich App 254, 256-257; 497 NW2d 571 (1993); *Baughman v Consolidated Rail Corp*, 185 Mich App 78, 80-81; 460 NW2d 895 (1990), citing *Edington v Grand Trunk W R Co*, 165 Mich App 163, 165-169; 418 NW2d 415 (1987); accord *Melville v St Joseph Bd of Co Rd Comm'rs*, unpublished opinion per curiam of the Court of Appeals, issued December 22, 1992 (Docket No. 130251).[1] In light of *Turner, supra,* and *Melville, supra,* we agree with defendant board of county road commissioners that it was immune from tort liability for the death of plaintiffs' decedents because MCL 257.668(2); MSA 9.2368(2) bars plaintiffs' causes of action against defendant under MCL 691.1402; MSA 3.996(102).

MCL 257.668(2); MSA 9.2368(2) clearly states that defendant board of county road commissioners will not be held liable for failure to erect warning signs at railroad intersections "unless such devices or signs

---

[1] In *Melville,* this Court determined that, in light of MCL 257.668(2); MSA 9.2368(2), the defendant road commission was entitled to summary disposition with respect to the plaintiff's claims arising from the commission's failure to request authorization to erect stop and yield signs at a railroad crossing where a fatal automobile-train collision occurred. See also *Edington, supra* at 168-169, ns 3 and 4. Although not binding precedent because it is unpublished, the *Melville* opinion supports our rejection of plaintiffs' assertion in this case that a cause of action under the defective highway statute is not a negligence action and that MCL 257.668(2); MSA 9.2368(2) is inapplicable to plaintiffs' claims.

were ordered by public authority." It is uncontroverted that the MDOT had not ordered these devices installed before the accident. Thus, under MCL 257.668(2); MSA 9.2368(2), defendant board of road commissioners is not liable for failing to erect warning signs at the railroad intersection where the fatal accident occurred.

According to plaintiffs, the issue before this Court is whether defendant board of county road commissioners' failure to request that the MDOT perform a study with respect to the safety of the railroad intersection created a duty and exception to governmental immunity despite the existence of MCL 257.668(2); MSA 9.2368(2). We find no such duty or exception to governmental immunity. In *Turner, supra,* this Court rejected the assertion that the railroad had a common-law duty to petition the proper government agency for authority to install additional warning devices because MCL 257.668(2); MSA 9.2368(2) evidenced the Legislature's intent that liability not be premised upon the absence of warning devices at a railroad crossing unless the railroad failed to follow an order from the proper authority[2] to install these devices. See *Turner, supra* at 257, n 1. This Court in *Turner, supra,* also found it instructive that the *Edington* Court endorsed the grant of summary disposition to the railroad and the road commission where the plaintiff alleged that both failed to request the installation of additional warning devices. Plain-

---

[2] See MCL 469.8; MSA 22.768, which gave the Michigan Public Utilities Commission the discretion to determine whether railroad crossings required additional protective or warning devices. This provision was repealed by 1993 PA 354, effective January 14, 1994, and replaced with MCL 462.315; MSA 22.1263(315), which vests this discretion in the MDOT.

tiffs have cited no authority or argument persuading us that the rationale in *Turner* is inapplicable to defendant board of county road commissioners. See also *Melville, supra* at 3.

Despite plaintiffs' rhetoric, their claims against defendant board of road commissioners certainly sound in negligence. When distilled to their most basic elements, plaintiffs' causes of action against defendant board of county road commissioners are grounded upon their belief that defendant failed to keep the roadway safe for public travel by failing to erect warning signals and signs at the railroad intersection because, but for the lack of flashing signals or stop signs, the accident would not have occurred. Plaintiffs' actions against defendant board of county road commissioners are "statutory" but are, nevertheless, negligence actions. See *Melville, supra* at 2. Thus, in light of MCL 257.668(2); MSA 9.2368(2) and the immunity granted to defendant board of county road commissioners from liability for negligence in failing to erect warning signs at railroad crossings, we find that this statute also bars plaintiffs from maintaining an action under the defective highway statute.

We base our conclusion in large part on the persuasive reasoning set forth in *Melville, supra*. Although *Melville* is an unpublished case, we can find no other case that more precisely addresses the issue confronting this Court. We therefore rely upon and adopt its conclusions that, first, MCL 257.668(2); MSA 9.2368(2) does apply to plaintiffs' "statutory" cause of action under MCL 691.1402; MSA 3.996(102) and, second, the mere failure to request that safety devices be erected at the intersection does not constitute a separate and distinct cause of action:

Plaintiff contends that the prohibition against negligence claims contained in MCL 257.668(2); MSA 9.2368(2), does not apply to her "statutory" cause of action [under MCL 691.1402; MSA 3.996(102)]. We disagree.

In 1961, MCL 257.668(2); MSA 9.2368(2), was amended by adding a provision that failing to erect or maintain a stop sign at a railroad crossing could not be a basis of a claim of negligence. See 1961 PA 179. At the time of this amendment 1909 PA 283, MCL 242.1 *et seq.*; MSA 9.591 *et seq.* was the statute which provided for government liability for failing to maintain roads. That statute said that failing to keep roads in reasonable repair would give rise to an action for "trespass on the case," the cause of action more commonly known as negligence. 1909 PA 283, § 1, MCL 242.1; MSA 9.591. Thus, when it was added to MCL 257.668; MSA 9.2368, the exemption certainly applied to "statutory" claims based on failing to keep roads reasonably safe.

MCL 242.1 et seq.; MSA 9.591 *et seq.*, was repealed and replaced by MCL 691.1401 *et seq.*; MSA 3.996(101) et seq. See 1964 PA 170. This statute does not specify that an action under it is for "trespass on the case." *However, to state a cause of action under it, one still must claim a breach of the duty owed, and injury resulting from that breach. We view such a claim as a negligence action.* See *Li v Feldt (After Remand)* [434 Mich 584, 587-588; 456 NW2d 55 (1990)].

\*    \*    \*

Finally, plaintiff contends that she has a claim against the road commission for failing to request that additional warning devices be installed. The trial court found this claim to be without merit, and we agree.

Plaintiff argues that the road commission's duty to keep the roads reasonably safe for travel [per MCL 691.1402; MSA 3.996(102)] includes a duty to request traffic control devices whenever appropriate. While we do not disagree, *we feel the exemption for claims based on the failure to erect devices at a railroad crossing encompasses an exemption from liability for failing to request that such devices be erected. See MCL 257.668; MSA 9.2368.*

> The statute provides that the failure to erect railroad warning devices cannot be the basis of a negligence action unless the devices were ordered by public authority. MCL 257.668(2); MSA 9.2368(2). *Failure to request warning devices cannot be actionable because no order by public authority exists as the statute requires. Edington v Grand Trunk W R Co*, 165 Mich App 163, 168-169; 418 NW2d 415 (1987); *Baughman v [Consolidated Rail Corp]*, 185 Mich App 78, 80-81; 460 NW2d 895 (1990). *[Melville, supra* at 2-3 (emphasis added).]

Thus, we find that no genuine issues of material fact exist here. On the basis of the reasoning in *Melville, supra*, and *Turner, supra*, defendant board of county road commissioners was entitled to judgment as a matter of law because MCL 257.668(2); MSA 9.2368(2) precludes plaintiffs from pursuing a statutory negligence action against defendant board of county road commissioners under MCL 691.1402; MSA 3.996(102).

The personal representatives of the estates of Taylor and Hill also assert that the trial court erred in striking their first amended complaints that were filed one day after the deadline established at the pretrial conference. We find no abuse of discretion in the trial court's decision to strike the amended complaints; moreover, even if the court erred, it was harmless error. See *Froede v Holland Ladder & Mfg Co*, 207 Mich App 127, 136; 523 NW2d 849 (1994); *Price v Long Realty, Inc*, 199 Mich App 461, 469; 502 NW2d 337 (1993). Plaintiffs failed to file a motion to amend their original complaints pursuant to MCR 2.118(A)(2) or to obtain prior written consent of defendants before they filed the amended complaints. Thus, while mere delay is an insufficient ground for denying a *motion* to amend a complaint, *Lynd v Adapt, Inc*, 200 Mich App 305, 306; 503 NW2d 766 (1993), plain-

tiffs' late filings of their amended complaints alone are not afforded the same deference.

Moreover, while the amended complaints each added a new count against defendant board of county road commissioners entitled "Defective Highway," that count substantially mirrored the original negligence allegations against defendant in plaintiffs' original complaints, and each complaint referred to both MCL 257.668(2); MSA 9.2368(2) and MCL 691.1402; MSA 3.996(102).[3] Thus, even if the trial court erred in striking the amended complaints, the new count in the amended pleadings would have been subject to summary disposition for the same reasons as the negligence claims in plaintiffs' original complaints pursuant to our previous discussion.

Finally, plaintiffs assert that the trial court erred in awarding sanctions in favor of defendant board of county road commissioners under MCR 2.114 because plaintiffs raised good-faith arguments and their research revealed some support for their novel proposition. Because we are left with a firm and definite conviction that a mistake has been committed, we believe that the trial court's grant of sanctions against plaintiffs was clearly erroneous. *Contel Systems Corp v Gores*, 183 Mich App 706, 711; 455 NW2d 398 (1990).

First, notwithstanding the cases that we relied upon in affirming the decision of the trial court, we recognize that MCL 257.668(2); MSA 9.2368(2) does

---

[3] The only new allegation under the defective highway counts stated that the highway in question was defective because people traveling upon the highway could not, because of the highway's condition and defect, perceive the approaching train in a timely manner as the motorist approached the railroad tracks. The amended complaints did not, however, identify the alleged "defect."

not expressly state that it bars all actions brought under the defective highway statute. Further, plaintiffs relied on *Harrison v Grand Trunk W R Co*, 162 Mich App 464, 468; 413 NW2d 429 (1987), for the proposition that a railroad *and* a road commission had a common-law duty to petition the proper governmental entity for the authority to install additional warning devices when the railroad or the county believes that the warning devices in place are insufficient. This Court in *Turner, supra,* was persuaded that *Harrison* was incorrectly decided, but the *Turner* case involved only a railroad, not a road commission. Plaintiffs also found some support from a Michigan Bar Journal article suggesting that the basis for liability in a defective highway case is the condition of the road and not the conduct (or negligence) of the road authority.[4]

Moreover, although this Court adopts the reasoning in *Melville, supra,* in the absence of any other binding authority on point, and *Melville* rejects most of plaintiffs' arguments raised on appeal, we acknowledge that (1) plaintiffs were not bound to follow *Melville,* an unpublished opinion, (2) the Michigan Supreme Court has not addressed this issue, and (3) the plaintiff in *Melville* was not objected to sanctions for attempting to raise the same claims that plaintiffs raise here. Thus, good-faith arguments existed that MCL 257.668(2); MSA 9.2368(2) did not bar all claims filed pursuant to the defective highway statute, and careful research did not establish a complete lack of support for plaintiffs' position. *Klco v Dynamic Training Corp*, 192 Mich App 39, 41-42; 480 NW2d 596 (1991); MCR 2.114. Accordingly, we find that the

---

[4] Carroll, *Highway liability law*, 68 Mich B J, 24, 30-31 (1989).

trial court clearly erred in granting sanctions against plaintiffs. See also *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 79; 467 NW2d 21 (1991); *Klco, supra.*

We therefore affirm the trial court's summary disposition rulings and its decision to strike plaintiffs' amended complaints, but we reverse the award of sanctions and remand this matter to the trial court for entry of the appropriate order. We do not retain jurisdiction.

Affirmed in part, reversed in part, and remanded.