# STATE OF MICHIGAN

# COURT OF APPEALS

HARI BHAGWAN BIDASARIA,

        Plaintiff/Appellant-Cross-Appellee,

v

CENTRAL MICHIGAN UNIVERSITY,

        Defendant/Appellee-Cross-
        Appellant.

UNPUBLISHED
May 14, 2015

No. 319596
Isabella Circuit Court
LC No. 2013-011067-CK

Before: JANSEN, P.J., and METER and BECKERING, JJ.

PER CURIAM.

In this action seeking to vacate an arbitration award, plaintiff appeals as of right from the trial court's order, granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) (statute of limitations) and finding that plaintiff's claims were not frivolous under MCL 600.2591(frivolous action). We affirm in part and reverse in part.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff, a Michigan resident and of Indian origin, was a tenured professor in defendant's Computer Science Department, working at the school from 1984 until he was terminated in 2009. This dispute arose as a result of plaintiff being unavailable for work during the faculty preparation week scheduled to begin on August 17, 2009. Plaintiff did not dispute his unavailability, but maintained that his absence was caused by mistakenly consulting defendant's undergraduate bulletin, which indicated August 24, 2009 as the week preceding the start of classes. Defendant concluded that plaintiff's conduct violated its policies and constituted just cause for termination.[1] Plaintiff filed a grievance with the University Faculty Association ("union"), and appealed the discharge to final and binding arbitration. On November 16, 2010, the arbitrator denied the grievance, concluding that defendant acted reasonably and had just cause to terminate plaintiff.

---

[1] Plaintiff had a history of disputes regarding defendant's leave procedures.

-1-

Thereafter, plaintiff filed a lawsuit in federal court, alleging claims for wrongful termination based on national origin and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.*, and Michigan's Civil Rights Act, MCL 37.2101 *et seq.* Defendant moved for summary judgment. The federal district court rejected defendant's contention that plaintiff's complaint was barred by the arbitration process, but granted defendant's motion as to the Title VII claim, finding that plaintiff failed to establish a prima facie case of discrimination. Further, the district court ordered that defendant was entitled to sanctions in the amount of $2,000 for the costs and fees incurred in filing its supplemental brief. Plaintiff's motion for reconsideration was denied, and the United States Court of Appeals for the Sixth Circuit affirmed the district court's judgment. The Sixth Circuit also found that plaintiff's appeal was frivolous and ordered him to pay $5,000 in sanctions to defendant.

On June 6, 2012, plaintiff filed a new complaint in the Isabella Circuit Court, alleging the same discrimination and retaliation claims. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7) based on the doctrine of collateral estoppel. The trial court granted defendant's motion for summary disposition, but denied defendant's request for sanctions, finding that plaintiff did not file a frivolous claim. On September 13, 2013, plaintiff filed another lawsuit in the trial court seeking to vacate the arbitration decision. This time, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (C)(5) (lack of standing). Defendant requested that it be awarded attorney fees and costs incurred in defending against this lawsuit, which it asserted was frivolous. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(7) because plaintiff's action was untimely under MCR 3.602(J)(1). The trial court did not address defendant's argument pursuant to MCR 2.116(C)(5). The trial court also concluded that plaintiff's claims were not frivolous and denied defendant's request for sanctions. Plaintiff appealed and defendant cross-appealed.

## II. STATUTE OF LIMITATIONS

Plaintiff argues that the trial court reversibly erred by holding that this action was barred by MCR 3.602(J)(1) where the rule did not govern this cause of action. We review de novo the circuit court's resolution of defendants' summary disposition motion. *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). Summary disposition under MCR 2.116(C)(7) is properly granted when the claim is barred as a matter of law. The interpretation and applicability of a statute of limitations is also considered de novo. *City of Taylor v Detroit Edison Co*, 475 Mich 109, 115; 715 NW2d 28 (2006).

"In determining whether a party is entitled to judgment as a matter of law pursuant to MCR 2.116(C)(7), a court must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in the plaintiff's favor." *Farm Bureau Mut v Combustion Research Corp*, 255 Mich App 715, 720; 662 NW2d 439 (2003). "If the facts are not in dispute, whether the statute bars the claim is a question of law for the court." *Burton v Macha*, 303 Mich App 750, 754; 846 NW2d 41 (2014) (internal quotation marks and citation omitted). If, however, a genuine issue of material fact exists such that factual development could provide a basis for recovery, summary disposition is inappropriate. *Guerra v Garratt*, 222 Mich App 285, 289; 564 NW2d 121 (1997).

MCL 600.5807 provides a six-year statute of limitations for general contract actions. MCR 3.602(J), however, states in pertinent part:

> (1) A request for an order to vacate an arbitration award under this rule must be made by motion. If there is not a pending action between the parties, the party seeking the requested relief must first file a complaint as in other civil actions. A complaint to vacate an arbitration award must be filed no later than 21 days after the date of the arbitration award.
>
> * * *
>
> (3) A motion to vacate an award must be filed within 91 days after the date of the award. However, if the motion is predicated on corruption, fraud, or other undue means, it must be filed within 21 days after the grounds are known or should have been known. . . .

Plaintiff failed to file any motion within the timeline proscribed.

Relying on *City of Ann Arbor v American Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126; 771 NW2d 843 (2009), plaintiff argues that the time limits set forth in MCR 3.602(J) are not applicable to his claims. In that case, we stated that MCR 3.602 "only governs statutory arbitration conducted under chapter 50 of the Revised Judicature Act, MCL 600.5001 to 600.5035" (the Michigan arbitration act (MAA)), and that MCL 600.5001(3) "specifically except[s] collective bargaining agreements from that chapter." *City of Ann Arbor*, 284 Mich App at 133. Nevertheless, at the time plaintiff filed his complaint on September 18, 2013, the revised Michigan Uniform Arbitration Act (MUAA), MCL 691.1681 *et seq.*, was in effect. MCL 691.1683(1). The only exception to the scope of the MUAA is § (3)(2), which provides as follows:

> This act does not apply to an arbitration between members of a voluntary membership organization if arbitration is required and administered by the organization. However, a party to such an arbitration may request a court to enter an order confirming an arbitration award and the court may confirm the award or vacate the award for a reason contained in section 23(1)(a), (b), or (d).

The act does not contain any exclusion for collective bargaining agreements.

Moreover, given that "the Legislature is presumed to act with knowledge of statutory interpretations" by the State appellate courts, *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 505; 475 NW2d 704 (1991), "when a statute is repealed and another statute is enacted that covers the same subject area, a change in wording is presumed to reflect a legislative intent to change the statute's meaning," *People v Henderson*, 282 Mich App 307, 328; 765 NW2d 619 (2009). Thus, it is presumed that when the Legislature did not include the express exception from the MAA into the MUAA, it expressed a change to the governing law. Accordingly, *City of Ann Arbor* has no application to the revised MUAA, and plaintiff's reliance on that case is misplaced.

Additionally, the grievance procedure contained in the collective bargaining agreement in this case specifically stated that "[t]he decision of the arbitrator shall be final and binding on the parties." After submitting to binding arbitration, an individual cannot pursue a breach of contract claim against an employer unless that person is first successful in showing a breach of the duty of fair representation. *Knoke v East Jackson Pub Sch Dist*, 201 Mich App 480, 485; 506 NW2d 878 (1993). Plaintiff failed to make any fair representation claim and did not contend that the union's actions were arbitrary, discriminatory, or in bad faith.

Accordingly, the trial court did not err in granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) because plaintiff's action is time-barred by MCR 3.602(J)(1).

## III. FRIVOLOUS CLAIM

Defendant contends on cross-appeal that the trial court's determination that plaintiff did not file a frivolous claim was clearly erroneous. "A trial court's decision that a claim is not frivolous is reviewed for clear error." *Evans & Luptak, PLC v Lizza*, 251 Mich App 187, 203; 650 NW2d 364 (2002). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made. *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

MCL 600.2591(1) provides that "if a court finds that a civil action . . . was frivolous, the court . . . shall award to the prevailing party the costs and fees incurred by that party . . . ." MCR 2.114(F) states that "a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages." MCL 600.2591(3) provides:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(i) The party's primary purpose in initiating the civil action . . . was to harass, embarrass, or injure the prevailing party.

(ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(iii) The party's legal position was devoid of arguable legal merit.

The determination whether a claim was frivolous must be based upon the particular circumstances of each case, *Kitchen*, 465 Mich at 662, at the time they were asserted, *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 36; 666 NW2d 310 (2003).

Here, there was no direct evidence that plaintiff sought to "harass, embarrass, or injure the prevailing party." MCL 600.2591(3)(a)(*i*). Plaintiff, however, had no reasonable basis to believe that the facts underlying his legal position were in fact true pursuant to MCL 600.2591(3)(a)(*ii*). Plaintiff argues that he relied on defendant's undergraduate bulletin calendar, which incorrectly indicated the dates of the faculty preparation week. Plaintiff presented evidence that the bulletin has accurately reflected defendant's academic calendar in years prior to the event at issue. Nonetheless, the date on which the faculty preparation week began was set

forth in the collective bargaining agreement, and the record shows that plaintiff knew that the schedule in the bulletin calendar may change subject to the collective bargaining agreement. Therefore, it was unreasonable for plaintiff to believe that the bulletin calendar was accurate without checking the dates of the faculty preparation week in the collective bargaining agreement.

Moreover, plaintiff's legal position was devoid of arguable legal merit under MCL 600.2591(3)(a)(*iii*). A claim or defense is devoid of arguable legal merit when there clearly are no legal grounds to support it. *Taylor v Lenawee Co Bd of Rd Comm'rs*, 216 Mich App 435, 444-446; 549 NW2d 80 (1996). Based on MCR 3.602(J)(2), plaintiff challenges an arbitration award, claiming that the arbitrator committed fraud.[2] The evidence plaintiff presented, however, does not indicate in any way that there was partiality, corruption, or misconduct on the part of the arbitrator or that the arbitrator exceeded his powers. Furthermore, MCR 3.602(J)(3) states that a motion to vacate an award must be "filed within 21 days after the grounds are known or should have been known" if the motion is "predicated on corruption, fraud, or other undue means." Plaintiff untimely filed his complaint, and as defendant correctly argues, plaintiff cannot claim ignorance of the 21-day filing period under MCR 3.602(J)(3) because his claims were based on MCR 3.602(J)(2). Accordingly, the trial court's finding that plaintiff's claims were not frivolous as defined by MCL 600.2591(3) was clearly erroneous.

Affirmed in part, reversed in part. Remanded for a determination of the proper amount of costs and fees incurred. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Jane M. Beckering

---

[2] MCR 3.602(J)(2) states that:

On motion of a party, the court shall vacate an award if:

(a) the award was procured by corruption, fraud, or other undue means;

(b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;

(c) the arbitrator exceeded his or her powers; or

(d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.